ALBANY,
March, 1839.

Bank of Genesee
v.
Field.

---

THE BANK OF GENESSEE *vs.* FIELD and others.

Where under the acts of 1832 and 1835, authorizing all or any of the parties to a bill or note to be included in one action, a suit was commenced against three makers of a joint and several note, and an endorser of the same note, and all the parties except one of the makers suffered defaults for not pleading, it was held that the plaintiffs might sever the action and take judgment against those of the defendants who had suffered defaults.

MOTION, to set aside judgment for irregularity and on the ground of merits. The plaintiffs were the holders of a *joint and several* promissory note, made by Collins, Cogswell and Field, and endorsed by Davis. The makers and the endorsers were sued *in one action* under the statutes of 1832 and 1835. Collins, one of the makers, pleaded; the two other makers, and Davis, the endorser, severally suffered default. The plaintiffs thereupon severed the action, and perfected judgment against the three defendants who had suffered defaults, which Field now moved to set aside.

*D. Burwell,* for the defendant.

*M. T. Reynolds,* for the plaintiffs.

*By the Court,* BRONSON, J. Where all the parties to a note or bill are joined in one action, the plaintiff, on a default by one party, as the maker, drawer, endorser or acceptor, may sever the action, and proceed to judgment against the party who suffers a default, in the same manner as though he had been sued alone. Laws, 1832, p. 489, § 1, 4. Laws, 1835, p. 248, § 2. But the action cannot be severed in relation to *joint* contractors. If there be two or more *joint* makers,

ALBANY,
March, 1839.

endorsers, &c., the plaintiff cannot take judgment against one, until he is entitled to judgment against all.

The undertaking of the makers in this case was *several* as well as joint. In general, when a plaintiff sues upon such a contract and includes all of the parties, he has made his election as to the form of the remedy, and the contract for all the purposes of the action is thence forward regarded as joint only, and the plaintiff must succeed against all of the defendants, or none. But the statutes relating to actions on notes and bills, which have introduced many anomalies in pleadings and practice, authorize an exception in this case to the general rule. The plaintiff by suing all the parties, does not affirm that they are all joint contractors ; but only that whether joint or several, he is entitled to one action against all; and then, when he afterwards wishes to sever the action, the statute relieves him from the consequence of the election which was made at the outset.

At the common law the plaintiffs must have sued all of these makers jointly, or each one separately. But under these statutes, the plaintiffs might have sued one, two, or the whole, at their election. They sued all ; and then, on a default by two, proceeded to judgment against those two in the same manner as though the third had not been originally joined in the action. This was not irregular. But the defendant, Field, who swears to merits and excuses his default, must be relieved on terms.

Ordered accordingly.