## Beebe vs. The Real Estate Bank.

Where there are several parties to a bill, the legal consequence of the holder endorsing it to the acceptor, is, that no action can thereafter be maintained against any party to the bill, unless the declaration shows the assent of the other parties to the subsequent endorsement thereof by the acceptor to the plaintiff, so as to avoid the legal presumption that it had been taken up and extinguished by the acceptor.

The acceptor would still be liable, but not in his character of acceptor.

In a suit, under our statute, against several parties to a bill, a discontinuance as to one defendant served with process, is a discontinuance as to all.

This was an action of assumpsit, determined in the Pulaski Circuit Court, in November, 1840, before the Hon. John J. Clendenin, one of the circuit judges. The Bank sued Roswell Beebe, William E. Woodruff, and Peter T. Crutchfield, on a bill of exchange, and the common counts.

The cause of action, as set forth in the first count of the declaration, is a bill of exchange, drawn by Woodruff in favor of Crutchfield, upon Beebe, and accepted by the latter, to whom it was subsequently endorsed by Crutchfield, and by whom it was endorsed to the Bank; and, being unpaid at maturity, payment was duly demanded, at the place specified, and the bill duly protested for non-payment, and notice thereof given to the several parties. The count then concludes in the usual form. To this action, the defendants pleaded, jointly, several pleas, as follows: First, to the whole action, non-assumpsit; secondly, to the first count, that the bill was not duly protested for non-payment; thirdly, that they had not due notice of the protest; and, fourthly, that the bill was, after the making, acceptance, and endorsements, as alleged in the declaration, by the finance committee, composed of Anthony H. Davies, President of said Real Estate Bank, and Thomas T. Williamson, President of the Branch of said Bank, at Washington, and Henry L. Biscoe, President of the Branch of said Bank, at Helena, acting for, and on behalf of, said Bank, under and by virtue of the authority of the central board thereof, transferred and delivered to the Branch of said Bank, at Helena, and, on the same day, assigned by the Branch of said Bank, at Helena, by an endorsement,

Beebe *vs.* The Real Estate Bank.

made by the cashier thereof to one Frederick Fray, concluding with a verification. The plaintiff below joined issue to the plea of non-assumpsit, but demurred to the other pleas; all of which were adjudged by the court insufficient; and the plaintiff having, thereupon, by leave of the court, entered a *nolle prosequi* as to the defendants, Woodruff and Crutchfield, they, together with their co-defendant, Beebe, filed a motion, in writing, to discontinue the suit as to the defendant, Beebe, which motion the court overruled; and the defendants, having excepted to the opinion of the court admitting the *nolle prosequi* to be entered, as well as that overruling their motion to discontinue as to the remaining defendant, filed their bill of exceptions, which was duly signed and made part of the record. The issue upon the first plea was then tried by a jury, who returned a verdict for the plaintiff; upon which, judgment was given against the defendant, Beebe, from which he appealed.

*Ashley & Watkins,* for the appellant. The motion by the appellee to enter a *nolle prosequi* as to Woodruff and Crutchfield, was made after the defendants had appeared and pleaded; and they, as well as the appellant, objected. The rule of the law as to the right of the plaintiff to enter a *nolle prosequi* as to one or more defendants, in a joint action against several, on a contract, is too clear to admit of a doubt. Although, in actions of *tort,* one defendant may be found guilty, and the other acquitted; yet, in actions for the breach of a contract, whether it be framed in assumpsit, covenant, debt, or case, a verdict or judgment cannot, in general, be given in a joint action against one defendant, without the other. 1 *Ch. Pl., Ed.* 1837, *p.* 50. *ib.* 599. *Gould's Pl.* 280, *sec.* 116. *Greenleaf's overruled cases,* 158, *sec.* 1084. *Chandler vs. Danks,* 3 *Esp.,* 76. *Burgess vs. Merrill,* 4 *Taunt.* 468. *Jaffray vs. Freebain,* 5 *Taunt.* 47. *Marshall vs. Lowry,* 6 *Serg. & R.* 82. *Gazzam et al. vs. Beebe & Co.,* 8 *Pet. Rep.* 49. *Sadler vs. Houston & Gillaspie,* 5 *Stew. & Por.* 205.

The cases of *Fuller vs. Van Schaick et al.,* 18 *Wend.* 547; *Toby vs. Claflin et. al.,* 3 *Sumn. Rep.* 279; *Lyons & Gillmore vs. Jackson,* 1 *Howard's Rep.* 474; *Minor and others vs. Mechanics' Bank of Alexandria,* 1 *Pet.* 46; and *The United States vs. Lefler,* 11 *Pet.* 86, differ

from the one now before the court, in several respects. They were either governed by special statutes, or the defendants had severed in their pleading, nor did not object to the entry of *nolle prosequi.*

*Pike & Baldwin,* contra. Though it is the general rule, that, in actions *ex contractu,* a discontinuance as to one defendant operates as a discontinuance as to all; yet such is not the rule in actions *ex delicto,* where the plaintiff might originally might have sued one, two, or all; and on the same principle, in this action, which is in form a joint one, though founded on distinct and several liabilities, it is like an action *ex delicto. Fuller vs. Van Schaick.,* 18 *Wend.* 547. See also, *Toby vs. Claflin,* 3 *Sumn.* 379.

The reason given why, in actions *ex contractu,* the joinder of a party who should be defendant is only pleadable in abatement, is, that the obligation of the party is *his* act, though not his *sole* act; and the promise is *his,* though not his *sole* promise; and the reason why a *nol. pros.* cannot be entered as to a part of the defendants is, that, to allow it, would be to enable the plaintiff, by his own act, to defeat a good defence upon the merits; that is, to prevent the remaining defendants from having advantage of the mis-joinder, under the general issue, and also, virtually to substitute one action for another. *Gould's Pl.* 278, 279, 280, 281.

Another reason given is, that the contract being joint, the plaintiff is compellable to bring his action against *all* the parties thereto; and he shall not, by entering a *nolle prosequi,* prevent the defendants, against whom a recovery is had, from calling upon the other defendants for a ratable contribution. *Salmons vs. Smith,* 1 *Saund.* 207, *n.* 2.

In this case, the contract was not joint, but *several,* and the law of contribution has no place. The contract being several, the discontinuance was allowable. *Minor vs. Mech. Bank,* 1 *Pet.* 73. *Lyons vs. Jackson,* 1 *Howard,* 474.

A *nol. pros.* can be entered as to some of the defendants, whenever the contract is *joint or several.* It is, then, like an action for a tort. *Nokes vs. Ingraham,* 1 *Wils.* 89.

That Beebe is both acceptor and endorser, is no objection to a recovery against him, even if it were as to the others. If the acceptor

were to *take up* and pay a bill, and then put it into circulation again, this might release the *endorsers*, but certainly *he* would be liable. And besides, this is an objection which could only come up on the trial. The fact which would release the endorsers is, that the bill has once been *paid*. *Beck vs. Robley*, 1 *H. Bla.* 89, *n.* Presumption of payment does not arise, unless, after acceptance, *the bill has been in circulation*, and has *then* returned to the acceptor. As far as the pleadings here show, the making, acceptance, and all endorsements, were simultaneous. See *Callow vs. Lawrence*, 3 *M. & S.* 94; *Gomez Serra vs. Berkley*, 1 *Wils.* 46; *Blake vs. Sewall*, 3 *Mass.* 556; *Boylston vs. Greene*, 8 *Mass.* 465; *Guild vs. Eager et al.*, 17 *Mass.* 615; *Havens vs. Huntington*, 1 *Cowen*, 387.

The presumption of law is, that every endorsement is contemporaneous with the making of the note or bill. *Webster vs. Lee*, 5 *Mass.* 339. *Pinkerton vs. Bailey*, 8 *Wend.* 600.

If Beebe had drawn on *himself*, in his own favor, and had himself endorsed the bill, his endorsee would have treated it either as a bill or note, and have sued him. *Pitcher vs. Barrows*, 17 *Pick.* 363.

The principle of law is simply this, that, if a bill has once been taken up *and paid*, it cannot be put into circulation again *so as to hold* the endorsers responsible, who merely guarantied its payment. *Nothing but payment will destroy its negotiability.* 2 *Greenl.* 207.

*By the Court*, RINGO, C. J. Several questions are presented by the record and assignment of errors; the most important of which, as we conceive, arises out of the adjudication upon the demurrers of the plaintiff to the pleading of the defendants below, which, according to the well settled rules of law, imposes upon us the necessity of considering not only the validity of the pleas, but also the sufficiency of the declaration, and pronouncing judgment against the party whose pleading exhibits the first fatal defect. We shall, therefore, in the first place, confine our inquiries to the first count in the declaration; because, if that shows no cause of action, it is useless to inquire whether the pleading in response to it be good or bad, as the legal result would, in either event, be the same.

The count of the declaration is, in form, sufficient, but it presents,

broadly, this question: What is the legal consequence of the holder of a bill of exchange endorsing it to the acceptor, where there are several parties to the bill? In the present case, the bill of exchange mentioned in the first count, is stated to have been drawn by Woodruff, in favor of Crutchfield, and accepted by him, and then to have been endorsed by the payee to the acceptor, and by him to the Bank. Under these circumstances, the rights of the Bank in respect to the bill and the transaction, whatever they may be, are such only as she acquired under, and by virtue of, the endorsement of the bill to her by the acceptor, who is, by this suit, sought to be charged, not as an endorser, but as the acceptor of the bill. Now, it is understood to be well settled, that the law regards the acceptor of a bill of exchange as the principal debtor, and not only primarily liable to the holder, but also ultimately responsible to every other party to the bill, by whom it may have been *bona fide* taken up or paid, unless his acceptance was made for the accommodation of either the payee or drawee, and that fact be made distinctly to appear. In the case before us, such is not shown to be the fact, and the law does not presume it. What, then, was the legal obligation of the parties to the bill, respectively, after it was endorsed by the payee to the acceptor, while it remained in the hands of the latter? Could any action be maintained upon the bill, either by or against any party to it? In our opinion, the answer must be in the negative. And, if this be true, is it not a necessary consequence, that every party to the bill was thereby discharged from all legal liability upon it? Such, we think, is the legal conclusion upon the facts, as stated in the first count of the declaration. And, *if these positions be true, as we consider them to be,* the instrument, when the acceptor became the proprietor and legal holder thereof, was divested of all obligation, and the parties to it were, of course, discharged from all responsibility thereon. And we consider it equally clear, that the simple endorsement of the bill, by Beebe, could not revive its obligation, or in any manner bind the other parties to the transaction, notwithstanding he might thereby charge himself, as we have no doubt he did, though not as the acceptor of the bill, because, as before shown, *its* legal obligation was previously extinguished, and it had ceased to be a negotiable security.

Beebe *vs.* The Real Estate Bank.

The Bank, therefore, if she sought to charge the parties to the bill, as the acceptor, drawer, and endorser thereof, as she has attempted to do, should have shown at least their assent to the transfer thereof to her by Beebe, so as to avoid the legal presumption that it had been paid, taken up, and extinguished by the acceptor, which, as we conceive, necessarily results from the union, in him, of both the legal title and possession of the instrument. This she has not attempted to do, as there is nothing in the record to warrant the conclusion that such was the fact. The legal presumption, therefore, that the bill had been *bona fide* satisfied and extinguished by the acceptor, previous to his endorsement thereof to the Bank, must be indulged; and, upon this ground, the first count in the declaration is fatally defective, the allegations therein showing no legal cause of action whatever, against either of the defendants below. In this opinion, we are fully sustained, as we conceive, by the judgment of the court of appeals of Kentucky, in the case of *Long & Robertson vs. The Bank of Cynthiana*, reported in *Littell*, 290, which is the only adjudication expressly in point, of which we have any knowledge. We have carefully considered all of the cases cited by the appellee, but none of them, in our opinion, warrants the conclusion sought to be deduced from them. The facts in them were essentially different from those appearing in this case, and they establish no principle adverse to the one above stated. The controverted question, in the cases cited, was, whether a negotiable note or bill of exchange, after it had been paid to the holder, and taken up by some party to it other than the principal debtor, was negotiable; and in such case, they have been held to be negotiable, notwithstanding the payment. Such is the case where the transfer will not subject any party thereto, whose liability thereon was discharged by the payment, to an action at the suit of the endorsee or holder. But when the effect of the transfer would be to subject any party to the instrument, whose liability was extinguished by the payment, to a suit by, or in the name of, the assignee, endorsee, or holder, they have uniformly been considered and held to be not negotiable. In our opinion, therefore, the demurrer to the pleas to the first count of the declaration ought to have been overruled, and that count of the declaration adjudged insufficient, in law, to support the action; and the

court, in sustaining the demurrer to said pleas, in our judgment, unquestionably erred.

The only remaining question which we deem it proper to notice, is as to what is the legal effect of the nolle prosequi, or discontinuance of the cause, by the plaintiff below, as to two of the defendants, Woodruff and Crutchfield, upon the case as to their co-defendant, Beebe. This court has decided at the present term, that where a plaintiff enters a *nolle prosequi* or discontinuance as to a part of the defendants, upon whom process has been duly served, and who are then bound to appear in the case, whether the action be founded upon a joint or joint and several contract, it is, in law, a discontinuance of the action as to all of the defendants, and the case is thereby out of court. And that such is the general rule on the subject, we think there can be no doubt; but, on the part of the appellant, it is urged, that this case forms an exception to the general rule, and some cases are cited in the brief as establishing this proposition.

The first that we shall notice is the case of *Fuller vs. Van Schaick et al.*, 18 *Wend.* 547, which was a joint action against the maker and endorsers of a promissory note, in which the plaintiff discontinued as to the endorsers, and took a verdict against the maker alone, which the Supreme Court of New-York refused to set aside. In deciding this case, that court expressly admits the general rule to be, as we have stated, but deny its applicability to the case, on the ground, as we understand it, that the statute of that state, allowing the plaintiffs to include all the parties to a bill or note in one action, does not turn distinct liabilities into a joint contract, but only gives a joint action to enforce the several liabilities of the different parties. But this decision, as we apprehend, was influenced more by the statutory provisions contained in the statutes of 1832 and 1835, cited by the court, a portion of one of which, as quoted in the opinion, declares, that judgment may be rendered for the plaintiff against some one or more of the defendants, and also in favor of some one or more of the defendants, against the plaintiff, than by any other consideration. Besides, the opinion states, expressly, that the 2d section of the act of 1835, carries this severance of the action still further. And in the case of *The Bank of Tennessee vs. Field et al.*, 19 *Wend.* 643, the same statutes of 1832

Beebe *vs.* The Real Estate Bank.

and 1835, are again cited by the court, and the judgment is, we think, evidently based upon their provisions. There are no such statutory provisions in force here. Consequently, these adjudications are not applicable to the present case, and can have no influence upon it.

In the cases of *Minor et al. vs. The Mechanics' Bank of Alexandria,* 1 *Pet.* 46, and *The United States vs. Lafler,* 11 *Pet.* 86, the Supreme Court of the United States appears to have proceeded upon the ground that, inasmuch as the cause of action was several as well as joint, and the defendants had severed in their pleading, a *nolle prosequi* as to such of the defendants as had severed in their defence, could be entered, and, in such case, would not operate as a discontinuance of the action as to the other defendants, as to whom, notwithstanding the *nolle prosequi,* the plaintiff might proceed to judgment; and the judgment would not, for that cause, be reversed; at least it would not, when, as in these cases, no objection was made to the *nolle prosequi,* or subsequent proceedings, at the time, or in the inferior court.

This we understand to be the extent of the rule established; and, although it may be extended beyond the limit prescribed to it by the common law,' as it is understood in England and many of the State courts, still, it is not sufficiently enlarged to embrace the case before us; for, notwithstanding the cause of action is, in this case, only several, and the liabilities of the parties distinct and entirely independent, the action against them is joint; and, as the defendants all joined in one defence, the case is, on this account, clearly not within the extension of the rule, as established by the Supreme Court, but falls expressly within the operation of the principle asserted by this court; which is, that, in all actions of contract, notwithstanding the contract is several as well as joint, and the plaintiff may sue each separately, or all, or as many of the parties to the contract jointly, as he may think proper, when he has made his election by instituting a joint action against all or any number of the parties, he must be held to his election, and prosecute and conduct the suit as he would be bound to do if the contract was merely joint. The law making all contracts several as well as joint, and giving the plaintiff this election in the first instance, is not more liberal than just, and was made exclusively for his benefit;

70

but it is equally regardful of the rights of defendants, and, for their benefit, it binds him to abide his election, when once made, until the suit is determined, except in cases where the process is not served, or not served in time to bind the defendant to appear at the term to which it is returnable; in which case, the plaintiff, by virtue of the statute, may discontinue as to those not served or not served in time, and proceed against those who are bound to appear; or, he may continue the suit until the next term of the court, and take new process against those not served; but, at the second term, the suit shall proceed against all the defendants who may have been served with process in due time. *Rev. St. Ark.* 626, *sec.* 45, 46, 47. We are, therefore, clearly of the opinion, that neither the common law nor statute authorized the plaintiff to proceed, in this case, against Beebe, after it was discontinued as to Woodruff and Crutchfield, without his consent, the suit thereupon, by the mere operation of law, being immediately out of court, and discontinued as to all of the defendants.

Judgment reversed.*

---

*Upon the question of *discontinuance*, in this case, Lacy, J., did not assent to the opinion, as he subsequently declared.