By the Court,
Bbonson, J.
There was no occasion for this motion in either of its branches. Where the defendant has verified his plea or notice of the defence of usury by affidavit, the statute has provided that he may call and examine the plaintiff as a witness; (Stat. of 1837, p. 487, § 2;) and no previous order of the court is either necessary or proper. And where different parties to a note or bill are sued jointly, one of those parties may call and examine another, though a co-defendant, in all cases where the testimony would have been admissible if the parties had been sued separately. (Stat. of 1832, p. 490, § 8.) The statute gives the right, and it is complete without any order of the court.
There is a further objection to that branch of the motion which relates to the examination of the co-defendant. The statutes to which we are referred only apply to cases where different parties to a note or bill, as the maker and endorser of a note, or the drawer and acceptor of a bill, are sued jointly. Two or more makers, drawers, acceptors or joint endorsers, make but one party to the note or bill; and when the suit is brought against only one party, however numerous may be the individuals belonging to that class, the action is at the common law, and the statutes have nothing to do with the case. And this is so where the undertaking of the persons sued is joint and several, as well as where it is joint only.
It seems to be supposed that whenever the declaration contains nothing but the money counts, and a copy of the note or bill is added, that it is a statute action. But this is a mistake. *37 Whether it is a statute action or not depends on the fact whether several parties to the note or bill, as makers and endorsers, drawers and accéptors, are sued together. In this case, both of the defendants are makers, and constitute only one party to the note. Whether sued jointly or severally, the action is at the common law ; and neither plaintiff nor defendant is entitled to any privilege which he could not have claimed if the statutes had never been passed.
. We are referred to the Bank of Genesee v. Field, (19 Wend. 643,) to prove that this is a statute action. But there, the ma~ kers and the endorser of a promissory note were sued jointly, while this is an action against the makers only. It is enough that the case is not in point. But I have more than once intimated a doubt whether the case was rightly decided; and on conferring further with my brethren, we are all agreed that, the decision cannot be supported. WThen the joint and several makers of a promissory note are sued together, whether the endorsers are joined or not, the plaintiff has made his election to treat the contract of the makers as joint only, and he must abide by that election, (a) He cannot sever the action as to the makers, and take judgment against one of them without the other. The statute does not reach the case, because it only provides for a severance as to different parties to the note; and all of the makers, though their promise be joint and several, make but one party within the meaning of the statute.
Motion denied.

 See Platner v. Johnson, (3 Hill, 476.)