ADDISON,
January,
1833.

## JABEZ ROGERS, vs. EBEN W. JUDD.

That the circumstances, admissible in evidence to rebut the presumption of payment, should be such as are in the way of recovering a judgement, and not merely such as render a collection of the debt improbable, like the poverty of the debtor.

That twenty years neglect of collection, is a sufficient period to ground the presumption of payment of a bond.

This was an action upon a bond, tried at the County Court, and brought to this Court for a hearing upon the following bill of exceptions, agreed to by the Counsel for the parties.

This was an action on bond, dated October 2d, 1805, in the penal sum of $200, conditioned for cutting a canal through the plaintiff's land, by the first day of August, 1806; which bond was signed and sealed by the said Eben W. & Stephen Judd, since deceased. To the declaration on this bond, the defendant pleaded, 1st, the General Issue, *Non est factum*, and 2d, a Release.

The action was commenced to Addison County Court, at their Term 1829, and, inasmuch as 20 years elapsed after the accruing, and before the commencement of said action, and that the release set forth in the 2d plea of defendant, had been lost, and could not be produced in Court, the defendant contended that the presumption of the release of payment of said bond, was legally inferable, from the lapse of time as aforesaid. The Court decided that the presumption of release of payment of said bond was legally inferable, from the lapse of time; unless evidence to rebut said presumption should be furnished on the part of the plaintiff. The plaintiff then offered evidence, tending to rebut the presumption, from the situation of the defendant; that, from the time the

Addison,
January.
1833.

Rogers
vs.
Judd.

cause of action accrued in Aug. 1806, until the year 1820, the defendant was confined a prisoner in jail on a large execution, and that he had no visible property, and, whatever property he had, was chiefly stock in the Middlebury Marble Manufacturing Company; and also evidence, tending to prove, that the plaintiff, by reason of great losses by fire, soon after the cause of action on the bond accrued, became poor, and much embarrassed in his pecuniary circumstances. And the plaintiff further offered evidence tending to prove, that, in the month of June 1813, the plaintiff was committed to jail on an execution at the suit of his creditors, who lived in New York, for a sum of more than $2000; with evidence accompanying, tending to prove, that the plaintiff continued a prisoner in jail on said execution, from the time of his commitment in june 1813, until the year 1820. The plaintiff, further to rebut the presumption, offered in evidence a writ and declaration, counting on said bond, which writ was dated the 30th of July 1826, and made returnable to Addison County Court, at their Term in 1826—which writ was duly signed by a Justice of Peace; accompanied with the testimony of C. C. Waller, Esq. the attorney who drew the writ, that the writ was made at the time it purported to be made, and that said bond had been left with him by the plaintiff for the purpose of commencing a suit on it a considerable time before said writ was made, and that the plaintiff had consulted him as to his right of sustaining an action on the bond, and that he advised him, that the lapse of time would be no objection to his sustaining the action at that time, but would be a presumptive bar, after 20 years from the accruing of the action; and that the reason, why said writ was not served, was, that the plaintiff, by reason of his poverty, was unable to procure bail for the prosecution of the suit. Whereupon the plaintiff's counsel requested the Court to charge the jury, that the *whole period* of the plaintiff's imprisonment in jail, on said execution, ought to be deducted from the 20 years. But the Court refused so to charge; but charged the jury, that no part of the period, of the plaintiff's remaining a prisoner in jail ought to be deducted from the period of 20 years.

The plaintiff's counsel further requested the Court to

ADDISON,
January,
1833.

Rogers
vs.
Judd.

charge the jury, that the plaintiff having consulted counsel, and procured a writ to be made, counting on said bond, within 20 years from the accruing of the action, was evidence relevant to the issue to rebut said presumption, with the accompanying evidence of said Waller; but the Court refused so to charge the jury; but did charge the jury that the procuring said writ to be made, with the accompanying evidence of said Waller, was irrelevant to the issue, and ought not to be admitted in evidence; on which the jury returned a verdict for the defendant.

To which said decision of the Court, and their charge to the jury as aforesaid, the plaintiff excepted.

*Argument for the plaintiff.*—This case presents two points on which the County Court decided, and charged the jury, incorrectly, viz.

1st. That the period of plaintiff's imprisonment ought not to be deducted from the 20 years, which is the shortest period, from which payment is legally inferable from the lapse of time, in the case of a bond.

2d. That the consulting counsel, and taking out a writ on the bond within 20 years, with the accompanying testimony of C. C. Waller, Esq. was irrelevant to the issue, and ought not to be admitted.

It is contended by the plaintiff's counsel, that the Court was incorrect on both points. The statute of limitations creates a positive bar; the lapse of time, a presumptive one, and both have their saving provisions arising from disability to sue. In the enumeration of disabilities to sue, which entitle the party to the saving provision in our statute of limitations, *imprisonment,* is one. Several others are mentioned, and all are equally legal disabilities.

The Legislature have fixed the time, for bringing the suit, after the disability is removed, in regard to positive bar; and the common law has settled the rule, in regard to the presumptive one by lapse of time. In the case of a bond, the common law rule is, that 20 years from the accruing of the action, in the absence of any evidence to rebut, furnishes sufficient ground of presumption of payment. But this presumption may be rebutted in various ways. A disability to sue furnishes strong evidence to re-

but the presumption; and the whole time of the continu-ance of the disability, is, by the common law, to be deduct-ed from the whole period which furnishes the presumptive bar. Twenty years, elapsed after the accruing of the ac-tion, is presumptive evidence of payment; but, if a disabil-ity to sue arise within that period, the whole time of the continuance of that disabilty is to be deducted from the 20 years. Swifts Dig. 303; 16 John. R. 210, *Baily* vs. *Jackson*; 10 John. R. 111, *Jackson* vs. *the People*; 2 Cranch, 180, *Dunlap* vs. *Ball*; 3 Day, 289, *Cottle* vs. *Payne*.

In the statute bar, when once it begins to run, no dis-ability subsequent will interrupt it. But it is otherwise in the presumptive bar by lapse of time; for a disability ari-sing at any period is admissable as evidence to rebut the presumption. 11th John. R. 376, *Jackson* vs. *Delancy*.

2d. Any evidence, tending to show reasons and facts why the suit was not commenced sooner, and within the time, is proper to be admitted to rebut the presumption; and of this character was the evidence of a writ, taken out in season, with the accompanying evidence of Waller; and ought to have been admitted. A writ taken out, though not served, if the transaction were *bona fide*, would go a great length in defeating the presumption. 1 T. R. 271, Phil. Ev. et. Leg. Tidd. pr 21, 3. Day ut Supra, *Cottle* vs. *Payne*; Tayl. R. 155, *Administrator of Quine* vs. *Adminis-trator of Ross*, cited in Phil. ev. 124, n (a.)

*Argument for the defendant.*—1st. Evidence of the pov-erty of the defendant, who was the security in this bond, unaccompanied by evidence in regard to Stephen Judd's situation, who was the principal, amounts to nothing.

Evidence of the poverty of either party, is, in its nature, inadmissible. This presumption is founded on the same basis as the statute of limitations, under which such enqui-ry is not allowed. 1. Vt. R. *Shumway* vs. *Simons*, 57.

The poverty of a defendant should not deprive him of rights, possessed by others, in defending a state claim.

Any thing on this head, in regard to the plaintiff, short of a disability to sue, ought not to go to a jury. It is al-ways difficult to ascertain a man's circumstances; and the

ADDISON,
January,
1833.

Rogers
vs.
Judd.

strongest evidence of poverty would not satisfactorialy explain so long a delay. The poorest man can find the means of instituting a just suit.

The plaintiff's being on the limits of the jail yard, would not prevent his suing, or embarrass him in attending to business of this kind. He was not in close jail.

Mr. Waller's testimony, that Rogers' poverty prevented his getting security for cost on his writ, would be only matter *of opinion.*

2d. Mr. Waller's writ was made only one day before the 20 years had elapsed.

It is believed, that, in this State, 15 years will be the time fixed on in analogy to the longest period of the Statute of limitations. Twenty years in England has been adopted, probably, in analogy to the statute barring the right of entry on lands. 2 Aiken Rep. 269, *Mitchell* vs. *Walker.* There, however, the time fixed upon by different judges has varied from 16 years to 20. If 20 years lacking one day is sufficient, the presumption had arisen before Mr. Waller made the writ. 1 Cowp. 109, *Mayor of Hull* vs. *Homer;* 1 Term Rep. *Oswald* vs. *Leigh,* 270; 7 Johnson, 556, *Clark* vs. *Hopkins;* 1 Campbell, 27, *Caswell* vs. *Budd.*

All the Courts and Judges agree that a less time than 20 years is sufficient, where there are other corroborating circumstances.

It does not appear by the exceptions, that there were, or were not, in this case other corroborating circumstances.

2d. The commencement of a suit within the time fixed by a statute of limitation has no effect, unless it is the suit, in which the plea is made.

This appears clearly by our statute providing, that, when a suit fails through some defect in the proceeding, the plaintiff shall have a year longer to commence a suit. See Cox's Digest, 446.

The opinion of the Court was pronounced by

HUTCHINSON, C. J.—About twenty-four years had elapsed, after the cause of action accrued upon this bond, before the present suit was commenced. From this lapse of time,

ADDISON,
January,
1833.

Rogers
vs.
Judd.

the defendant urges the presumption of law, that the condition of the bond was performed, or the debt paid. All this Court have now to decide is, whether the circumstances on which the plaintiff relied to rebut this presumption of law, were such as the Court ought to have admitted to be proved, and, when proved, ought to have adjudged sufficient to remove the presumption. I use the alternative expression, because the exceptions, agreed to by counsel, leave it not very certain, whether the County Court excluded the evidence, or instructed the jury against the plaintiff upon its legal effect.

The circumstances were, 1st, The poverty and imprisonment of the plaintiff. 2d, The defendant's imprisonment, and the decease of Stephen Judd, the co-obligor.— And 3d, The plaintiff's praying out a writ upon this bond, a day or two before the twenty years expired, and being so poor he could not procure bail to ensure costs, without which his writ would abate.

With regard to these circumstances, it does not appear where or what the plaintiff's imprisonment was, nor that of the defendant. They might both have been imprisoned, not in close confinement, but within the limits of the same prison; and might sue each other daily, notwithstanding such imprisonment. Had either of them been imprisoned in a foreign country, so that he could have no access to the other, or the other to him, and no means of efficiently directing a suit to prevent a presumptive bar, it would have merited a very different consideration.

Again, the poverty relied upon, to have any effect, must be such as to deprive one of all power to sue; not for a day or two merely, but during a great share of the time, while the presumption runs against him. It is not very certain that such poverty ever existed in this state, for any considerable length of time.

The defendant's poverty might render the collection of the debt precarious, and even improbable; and yet furnish no reason why a suit should not be commenced, and the right established, before the defendant's witnesses of performance, or of payment, were all dead, or gone to parts unknown. Besides, in this case, the plaintiff shows in what the defendant's property consisted, to wit, in a mar-

ADDISON,
January,.
1833.

Collins & al.
vs.
Gibson & al.

ble factory.  So it seems he had property, and *property* too, that might have been attached for a debt due from the defendant.

The plaintiff's applying for a writ on his bond, and even obtaining one, amounts to nothing to rebut the presumption of payment, until such writ is delivered to an officer, who would make service of the same, if the debtor was to be found.  If otherwise, the creditor might easily keep his bonds alive, without danger of testing the validity of his demand, till his debtor's means of defence were gone, and his witnesses dead.  There must be steps taken, which tend to bring the matter to an issue, before the presumptive bar becomes complete.  If the application for a writ, and failure to procure bail, could have any effect, it surely could not give four years for the creditor to sleep on his demand, and yet have time given him to collect.

None of the cases, cited by the plaintiff's counsel, support his claim in this.  In the case cited from Day's Reports, all that the Court decided was, that the twenty years had not elapsed.  The facts, in the action for rent, were such as were calculated to rebut the presumption of payment.  The rent was due in England, where the plaintiff lived; and the defendant came to America; and, when enquired of by the plaintiff's agent, denied executing the lease.— And no action could have been brought, with any prospect of recovering judgement, till some person acquainted with the defendant, should arrive and identify him as the person who did execute the lease.

We consider the circumstances relied upon, insufficient in their character to rebut the presumption of payment, which arose from the lapse of twenty-four years.

The judgement is affirmed, with costs.

*Doolittle*, for plaintiff.

*Bates*, for defendant.