## WINDSOR COUNTY.

## FEBRUARY TERM, 1834.

PRESENT, HON. CHARLES K. WILLIAMS, *Chief Justice.*
  "  STEPHEN ROYCE,
  "  SAMUEL S. PHELPS, } *Assistant Justices.*
  "  JOHN MATTOCKS,

WINDSOR,
*February,*
1834.

### BLISH and RICHMOND *vs.* R. D. GRANGER.

An action on book may be maintained for lumber sold, where a particular quantity was bargained for at a stipulated price and delivered.

In such action, the parties may testify as to the sale, price, and delivery.

When a certain quantity of lumber has been agreed on, and the party who was to receive it refuses to accept the whole, he must give particular notice what quantity he will receive, or he will be holden to pay for the amount agreed for, if the same is delivered, at the place appointed therefor.

If, after such notice, a further quantity is drawn, as originally agreed on, and the party for whom it was drawn, uses or sells any, drawn after the notice, it is evidence of his accepting the whole quantity.

This was an action on book account, referred in the county court to auditors, who, upon a hearing, made a special report of the facts, so far as they are important in the decision of the case, as follows :

"We find that in July, 1830, the defendant contracted with the plaintiffs for twenty thousand feet, or more, of round timber for wharfing, to be delivered by the plaintiffs to the defendant, at or near the defendant's hause, in the village of Woodstock, in September of the same year, 1830, at the rate and price of two dollars per thousand feet, and that said plaintiffs did so deliver said timber to said defendant, within the time so agreed upon, to wit, in the month of September, 1830, at the place designated and agreed upon by the contracting parties, to wit, the amount of twenty thousand five hundred and seventeen feet of timber, according to the schedule exhibited, and herewith enclosed ; and that the timber was of the quality contract-

WINDSOR,
*February,*
1834.

Blish & al.
*vs.*
Granger.

ed for : and that the defendant has not paid the said plaintiffs for the same, according to contract. .

"We further find, that after the plaintiffs had prepared a part of said timber for drawing, and after they had hired their teams for drawing said timber, and had commenced drawing the same, in the fore part of September, 1830, the defendant notified the plaintiffs that he should not want so great a quantity of timber as he had contracted for ; but the plaintiffs delivered the aforesaid quantity, notwithstanding said notice.

"We also find, that the defendant used eleven thousand four hundred and ninety-one feet, and no more, of said timber, for his wharfing, amounting to twenty-two dollars and ninety-eight cents, at the rate of two dollars per thousand feet.

"We also find, that after he had used the quantity last mentioned, he notified the plaintiffs that he should not want any more for his works, and requested them to take the remainder away, as it incumbered the ground—then asserting that he had agreed for no more than sufficient for his works ; but that said plaintiffs did not take away said timber as requested, alleging that they had drawn no more than they agreed to ; and that the defendant then procured said timber to be removed at the expense of about five dollars.

"We also find, that after such notice was given to take away the remainder of said timber, the defendant sold to two persons two several lots of the same timber—to one about two dollars' worth, and took the pay for the same, alleging at the time of the delivery of the same, that there was some dispute about the ownership of the same—to the other he sold about one dollar and seventy cents' worth, alleging at the same time the dispute about the property, and directing said purchaser not to pay for it at that time, but to wait till the right of the property was settled—then to account to whomsoever the property should be adjudged to belong.

"We also find, *that the contract and delivery of the timber was proved by the testimony of the plaintiffs themselves.* We also find some contradiction in the testimony of the plaintiffs and defendant, but not sufficient to materially alter or affect the testimony of the plaintiffs.

"We therefore do find, from the testimony, that there is due and in arrear from the defendant to the plaintiffs, to balance their accounts, the sum of forty-one dollars and three cents, and that the plaintiffs recover the same, with the costs of this court, taxed at $3,33, of the defendant, and the auditors' cost, taxed at $17."

The county court accepted and rendered judgment upon the report for the plaintiffs, upon which the defendant made his exceptions, which were allowed, and the cause passed to this court for revision.

WINDSOR,
February,
1834.

Blish & al.
vs.
Granger.

*E. Hutchinson, for defendant*, contended, That the court will not, in book action, suffer a recovery in favor of the plaintiffs, upon their own testimony alone, for property under an alleged sale, but which the defendant never accepted, and denies that he ever contracted to receive, appears to have been already fully settled by this court.—*Read* vs. *Barlow*, 1 Aik. Rep. 145.—Same case, 1 Vt. Rep. 97.—*Fry* vs. *Slyfield*, 3 Vt. Rep. 246.

In *Read* vs. *Barlow* (1 Vt. R. 97) the point decided is this: " that an action on book account will not lie where there is a *contract of sale*, but not completed by *actual delivery*." That the court in that case intended, by the term " delivery," something more than a bare *constructive* one, such as might support *assumpsit*, to wit, both a *proffer* on the one part, and an *acceptance* on the other, is apparent from the case, as there reported. For, in that case, no one doubted but that *assumpsit* would have been sustained; yet the court decided that *book account* action will not lie.

In the case now before the court, the defendant cannot deny that he contracted to receive *a part* of the lumber sued for— that he accepted, used, and has ever stood ready to pay for it; and under a rule of court, has brought money into court more than sufficient to cover all that he had, as well as the costs to that time. But this the plaintiffs refuse to accept, and persist in the attempt to charge him, by their own oath alone, with a contract for more. We submit whether, under these circumstances, the defendant having done all, according to *his* understanding of the contract, that he feels himself either legally, or morally bound to perform, by the decisions already made, the defendant is not entitled to his costs.

*Mr. Marsh, for plaintiffs*, contended, That it is now well settled, that by our statute, the parties in action of book debt may be examined before the auditors, and may testify to any contract relating to the articles delivered and charged on book, when such articles are proper for charge on book, and cited 2 Wilkins' R. 83.—2 Vt. R. 65, 366—4 do. 12.

Further, in virtue of the contract, the property vested on delivery in defendant, and became a proper article of book charge.

These were mutual contracts.—Plaintiffs agree to deliver

WINDSOR,
*February*,
1834.

Blish & al.
*vs.*
Granger.

20,000 feet of timber, and defendant agrees, on delivery, to pay two dollars per thousand; and in case the party deliver, the property vests and may be charged.

In *Bryant* vs. *Gale*, in this court, February term, 1831, (not reported,) defendant covenanted to deliver a certain horse by a given day.—Plaintiff covenanted to accept the horse in discharge of certain demands then in suit.—The horse was delivered, but plaintiff refused to accept him, and it was decided that plaintiff was not at liberty to refuse acceptance—that the delivery or tender was good, and the property of the horse vested in plaintiff; and of course, had the property been proper matter of book charge, and not otherwise paid for book, debt would have been sustained for the money on the price agreed on, or the value.

Defendant had no right to countermand the delivery, even before plaintiffs had commenced the drawing, &c., nor to refuse his acceptance when delivered.

In mutual contracts, tender or delivery is tantamount to acceptance.—*Case* vs. *Barber*, Sir J. Raymond, 450.—*Judah* vs. *Kemp*, 2 John. Cas. 411.—*Coit & Werkley* vs. *Thouston*, 3 John. Cas. 243.—*Alcom* vs. *Westbrook*, 1 Wils. 117.—5 John. R. 395.—5 John. Cas. 81.

In the present case, the contract was in part executed—the timber was prepared—the teams and hands engaged to draw it, and had come on to the ground and began to draw and deliver.—Defendant surely after this could not rescind the contract.—5 John. R. 395.

The opinion of the court was pronounced by

WILLIAMS, Ch. J.—The auditors, having the testimony of both the plaintiffs and defendant before them, have found that the plaintiffs sold and delivered to the defendant a certain quantity of timber at a stipulated price, and there is no doubt that the parties were competent to testify to the sale, delivery and price. In every action on book, where goods sold, or services performed, are the subjects of the charge, the delivery and the price constitute the ground of the claim; and to exclude the party from testifying to those facts, would effectually set aside the action.

It is found, that the plaintiffs contracted to deliver to the defendant twenty thousand feet of timber at two dollars per thousand. This timber, if delivered, was the proper

WINDSOR,
February,
1834.

Blish & al.
vs.
Granger.

subject of an action on book, notwithstanding there was a particular contract as to price. This is not denied by the defendant's counsel. The plaintiffs contend that they have actually delivered, and the defendant has received this quantity. The defendant denies the reception of this amount of timber. The auditors were the tribunal to decide this question. The parties were competent witnesses. Other testimony was also admissible. The auditors have decided that there was a sale and delivery. We think they have decided it correctly, from the facts they have reported. The contract was for twenty thousand feet: that quantity was drawn to the place appointed, and placed under the control of the defendant.—The defendant made use of 11,400 feet for the purposes for which he originally wanted it. Now if he had been at liberty to refuse to receive any more, and had given a proper notice to that effect, still if the whole quantity was drawn, and he made use of the residue, or any part of it, it would be a confirmation of the first contract, and acceptance of the whole quantity of timber drawn.

The auditors have found, that he has received more than was wanted for the purpose of wharfing—that he has sold at two different times, to different persons, a part of the timber left, after he alleges that he had given notice to the plaintiffs to remove the same. This was evidence of the acceptance of the whole, and the effect of it was not impaired by his declarations at the time of the sale.

But on another ground this case is clearly with the plaintiffs. The contract was proved. It was proved also that the timber was drawn to the place agreed on. The notice from the defendant to the plaintiffs, after they had commenced drawing, that he should not want as much as he contracted for, and the notice afterwards to them to take it away, were of no consequence, and did not alter the contract in any way whatever.— If it was competent for the defendant, after contracting for a certain quantity, to rescind the contract, and accept of only a part, his notice to that effect should have been specific and particular—directing them how much he *did* want, and what quantity he *would accept*; and the plaintiffs, on such notice, could have regulated their conduct accordingly. By the contract, they were under obligation to draw twenty thousand feet for a certain price. If at the time the notice was given them by defendant, they had drawn ten, fifteen, or nineteen thousand

feet, it cannot be contended they were under obligation to accept for a part the same price which they had contracted to receive for the whole. If there had been a power reserved to the defendant by the original contract, to accept of a less quantity, yet the notice which was given by the defendant was so indefinite, that it was wholly insufficient. The plaintiffs could still have been under the necessity of drawing the whole quantity to fulfil their contract, and the defendant must have accepted of the same. The timber contracted for was sold and delivered to the defendant by the plaintiffs: the fact was proved by proper testimony, and the action on book is the appropriate action therefor.

The judgment of the county court must therefore be affirmed.