McGregor *v.* Balch et al.

--»»◦●◉●◦«««--

DANIEL McGREGOR *v.* BARNABAS D. BALCH AND LUTHER CHICKERING.

The omission of one or more joint obligors, in actions *ex contractu,* can only be taken advantage of by plea in abatement, unless the fact that such parties were joint contractors appear of record in the very suit on trial,—in which case the omission may be taken advantage of by demurrer, motion in arrest of judgment, or writ of error.

The rule is the same in regard to the omission of a joint contractor in suits founded upon record contracts,—such as recognizances,—unless the defendants crave oyer of the record and have it spread upon the record of the pending suit. If that be done, the defect, appearing upon the face of the pleadings, may be taken advantage of by demurrer, &c.

*Quære,* Whether, if seven years from the time of entering into the contract have not elapsed, it will not be presumed that the omitted obligors are living?

If a person, who is known equally by the name of Barnabas and Barney, enter into a recognizance by one name, and be sued by the other, the variance will not be considered fatal,—the one being but an abbreviation of the other.

McGregor *v.* Balch et al.

A justice's record of a recognizance, taken for the prosecution of an appeal, that the conusors "jointly and severally recognized in the sum of one hundred dollars for the prosecution of the appeal in due form of law," is well enough, and is competent evidence under a declaration, which alleges that the condition of the recognizance was, that the appellants "should prosecute their said appeal to effect, and answer and pay all intervening damages, occasioned by delay to the said plaintiff, with additional costs, if judgment be affirmed."

In estimating "intervening damages," in such case, the property which the appellant had at the time the appeal was taken and all that he acquired during the pendency of the appeal is to be taken into the account. The plaintiff is entitled to recover the value of his *chance* of collecting his debt during the time of the suspension of his execution.

SCIRE FACIAS upon a recognizance in the sum of one hundred dollars, entered into by the defendants, on the 22d day of January, 1840, before Calvin Morrill, Esq., a justice of the peace, on an appeal being taken by Coben Balch and Coben Balch, Jr., from a judgment rendered against them by said justice in an action in favor of the present plaintiff against them. The declaration described a recognizance entered into by the present defendants only, and alleged that the condition of said recognizance was, "that the 'said Coben Balch and Coben Balch, Jr., should prosecute their 'said appeal to effect, and answer and pay all intervening damages 'occasioned by delay to the said Daniel McGregor, with additional 'costs, if judgment be affirmed."

The defendants pleaded *nul tiel record*, and also a tender of $36.-50 in satisfaction of all additional costs and intervening damages occasioned by said appeal. Replication, that the tender was not of sufficient amount.

On trial the plaintiff gave in evidence the record of the recovery by him in the said suit against Coben Balch and Coben Balch, Jr., and also a record of the recognizance upon which this suit is predicated,—which was in these words; "The defendants, as principal, 'and Barney D. Balch and Luther Chickering, as surety, recog-'nized to the plaintiff in the sum of one hundred dollars, for the 'prosecution of the said appeal in due form of law." To the admission of this evidence the defendants objected, as not supporting the declaration. But the court overruled the objection and admitted the evidence.

The plaintiff then introduced testimony tending to prove that after the time said appeal was taken, and during a period of about two years and five months, while said appeal was pending, the said Coben Balch and Coben Balch, Jr., were the owners of property to a considerable amount, on which the plaintiff might have levied his execution, if he had had one,—but that, at the time the plaintiff recovered his final judgment against the said Coben Balch and Coben Balch, Jr., they were utterly insolvent and destitute of all attachable property.

Upon this evidence the defendants requested the court to charge the jury, that, if they should find that the said Coben Balch and Coben Balch, Jr., were not, at the time of taking said appeal, the owners of any attachable property, the defendants were not liable on their recognizance, although it should appear, that, pending said appeal, said Coben and Coben, Jr., did acquire and own attachable property.

But the court instructed the jury, that, if the said Coben Balch and Coben Balch Jr., pending said appeal, did own attachable property, although acquired by them subsequent to said appeal, and if it appeared that they would have had such property, if the plaintiff had taken execution at the time of the appeal, and that the plaintiff, by the exercise of common diligence, might have levied his execution, in case he had one, upon said property, then the defendants would be liable, upon their recognizance, for such sum as the plaintiff had suffered damages by reason of not having an opportunity to levy upon such property in consequence of said appeal ;—that the plaintiff should recover the value to him of the *chance* of which he had thus been deprived by the appeal.

The jury returned a verdict for the plaintiff. Exceptions by defendants.

*Colby* and *Cahoon* for defendants.

1. The record offered should not have been received in support of the declaration, on account of variance, as it did not conform, in any respect, with the recital in the declaration. *Waldo et al.* v. *Spencer*, 4 Conn. 71. 4 B. & C. 403, [10 E. C. L. 370.]

2. The record exhibited shows a mere minute, or memorandum, of a recognizance,—not a recognizance in form, or substance. It

McGregor *v.* Balch et al.

does not correspond with any recognizance which the statute authorizes, and is therefore a nullity.  1 Chit. Pl. 371.  *Story* v. *Kimball*, 6 Vt. 544.  *Billings et al.* v. *Avery,* 7 Conn. 236.  *Darling* v. *Hubbell et al.,* 9 Conn. 350.  *Treasurer* v. *Woodward,* 7 Vt. 531. 1 Saund. R. 66.

3.  The recognizance, as proved, involves no liability, or no such liability as was attached to it in the construction adopted by the county court.

4.  But the county court treated the terms of the recognizance, produced in evidence, as equivalent in substance, and with the aid of some intendment, to the one authorized by statute.  But it should appear affirmatively that the magistrate acted within the scope of his authority ; this is given exclusively by statute, and it can only appear from the record of the magistrate whether such a recognizance, as is required by law, was taken.

5.  The debt can be recovered on the recognizance only upon the plaintiff's showing the appellant to have been good at the time of the appeal and bad at the time of final judgment.  Mattocks. J., in *Love* v. *Estes et al.,* 6 Vt. 289.  But the county court held the bail liable for property acquired by the principal subsequent to the appeal, and the jury were instructed to find for the plaintiff the value of his chance of levying his execution, of which he was deprived by the appeal ; and to determine the value of this chance they were directed to inquire,—1, If the principals, pending the appeal, had property, which was acquired by them subsequent thereto ;—2, Whether the principals would have had said property, in case no appeal had been taken ;—3, Whether the plaintiff, by the exercise of ordinary diligence, might have levied his execution thereon.  Now it is apparent that the jury never could find the fact sought for in the second inquiry, because it is a fact not possible to be known.  It is conceded, that, at the entry of the appeal, the principals had nothing which could be reached by execution ; but, it being out of the power of the plaintiff to have execution, the principals subsequently acquire some property liable to attachment ;— but surely it is impossible to perceive whether they would, or would not, have thus acquired property, if an execution could have been levied.

What, then, are to be deemed intervening damages, within the

terms of the recognizance? The plain and simple inference is, that the plaintiff's means of levying and collecting his execution be kept as good until final judgment as at the time of the appeal. Property acquired subsequently should be regarded only when accompanied with proof that the principal had the resources at the time of the appeal, out of which it is created. Any other rule of construction would make the bail not only insurers, but insurers against contingencies not possible to be controlled.

*D. Hibbard, Jr.*, and *T. Bartlett* for plaintiff.

1. If the defendants would have taken advantage of the nonjoinder of Coben Balch and Coben Balch, Jr., they should have pleaded in abatement; the omission to join them in the action cannot avail the defendants on trial, as matter of variance. 1 Chit. Pl. 29–33, 442. 1 Saund. R. 284, 291, note 4. *Ruggles* v. *Patten,* 8 Mass. 480. *Converse* v. *Symms,* 10 Mass. 377. *Holmes* v. *Marden,* 12 Pick. 169. *Wilson* v. *Nevers,* 20 Pick. 20. *Nash* v. *Skinner,* 12 Vt. 219. *Ives* v. *Hulet,* 12 Vt. 314. 2 Stark. Ev. 551.

2. The record of the recognizance substantially supports the declaration. *King* v. *Pippet,* 1 T. R. 235. *Drewrey* v. *Twiss,* 4 T. R. 558. *Peppin* v. *Solomons,* 5 T. R. 496. The declaration is drawn in conformity to the statute, and sets out a recognizance in due form. Rev. St. 174, § 47. *Way* v. *Swift,* 12 Vt. 390. The record sent up is not so formal as would suit the eye of a critical lawyer; but it resembles many of the records that are made by justices of the peace; and, in the language of Ch. J. Williams, in the case of *Story* v. *Kimball,* 6 Vt. 541, "we must not too strictly, or severely, examine their forms of proceeding in making up their records."

3. Intervening damages mean damages happening between two events,—that is, between the appeal and the affirmance of judgment. Not only present property but future acquisitions are liable for the payment of present existing debts. If, when the defendants took their appeal, the property which they then had in possession was the only property to which the plaintiff had a right to look for payment, and future acquisitions were not liable, then there would be much force in the argument, that the plaintiff has sustained no intervening damages. But inasmuch as property, which the debtors might acquire subsequent to the recovery before the justice, would

McGregor *v.* Balch et al.

be liable to seizure and sale, we see no reason why the bail should not be responsible for intervening damages, to the amount which the plaintiff could reasonably have been expected to collect of them during the delay, provided he could have had an execution.

The opinion of the court was delivered by

REDFIELD, J.   1. It is urged that the non-joinder of all the parties to the recognizance, in this case, is a fatal variance, which might be taken advantage of, upon trial, upon the plea of *nul tiel record.*   But we think not.   The rule and the reason for it seem to us to be the same, whether the declaration be upon a contract of record, or upon any other written contract,—as for example, a bill, note, or bond.   And in all these cases it is well settled that the omission of a joint contractor can only be taken advantage of by plea in abatement, unless such omission appear upon the record, that is, *the record of the very suit upon trial;* and in that case it may be taken advantage of by demurrer, motion in arrest of judgment, or writ of error.   1 Chit. Pl. 32.   And in the present case, if the defendants had craved oyer of the record declared upon, and, after setting it out, had demurred, the defect complained of, appearing of record, must have been fatal.   It is said, in some of the books, that it must appear of record, that the joint contractor omitted is *still living,* in order to take advantage of the non-joinder by demurrer, &c.; but this, I apprehend, is to be presumed, for at least seven years, unless the contrary appear.

2.   The variance of the record from the declaration, in the name of one of the defendants, would once, doubtless, have been held fatal.   But when there is no controversy but that Barney, Barna. and Barnabas are used for the same name,—as are Benja., Ben., Benje and Benjamin,—and it appears that the objection has not been started, until the final argument in this court,—showing that this defendant is known and called by the name of Barney, as well as Barnabas,—the court would consider the defeating of the suit, upon so trivial an objection, as savoring more of minute criticism, than either of wisdom, or justice.

3.   It is urged, that the record of the recognizance is so defective in form, that it should have been held void.   It is not pretended that it contains more than the statute obligation,—which *would*

make it void,—but that it contains so much less, that the court cannot say that the conusors intended to assume the statute obligation. This is certainly necessary, in order to make the contract binding. We do not understand, that, in the present case, there is a want of a formal record, as was the case in *Story* v. *Kimball*, 6 Vt. 344; but the form of the record is here defective. But we think not fatally so. No particular form of words is requisite, in order to the validity of a record. It should appear from the record, or from reasonable intendment, that the defendants entered into the statute recognizance to prosecute the appeal. The obligation of every such recognizance is *conditional;*—so that is implied. The law fixes the nature and extent of the condition;—so that may be as well expressed as it is here, as to be written out in the form of the statute then in force, of which the court will take judicial notice.

We cannot and ought not to disregard the consideration of the nature of justice courts, the great number of them, the extent of their jurisdiction, and the fact that most of them are holden by men not 'professionally educated. If their records express, in general terms, the nature of their judgments, and their recognizances are so expressed as to enable this court, on the most favorable construction, to comprehend the nature and extent of the obligation intended to be assumed by the conusors, we should not be acting a reasonable part to require more. Upon this rule of construction there is no difficulty in supporting the present recognizance. For the names of the conusors, the sum in which they are bound and that they are jointly and severally bound does appear upon the record, and that it was " for the prosecution of the appeal in due form of law." This implies, that, in case of failure, they are to pay all intervening damages and additional costs. The law imposes this specific condition, and it is as well, perhaps, to express it, " in due form of law," as to write out the terms of the contract.

4. The rule of damages laid down by the county court was correct. " Intervening damages " are such as will make the party as well off, as if no appeal had been taken. This can only be determined by looking at the appellant's property from the time of the appeal until the final judgment; and it is, as was said by the court in *Rogers* v. *Judd*, 5 Vt. 236, the value of the plaintiff's *"chance"* of collecting his debt during the suspension of his execution, which

he has lost by the appeal, and which he is entitled to recover by way of damages.   What was said to the jury, as to the mode of estimating this chance, was not necessary,—for that rested exclusively with the jury, and might have been left with them without comment. We do not now perceive, however, any way, in which what was said upon this point could have misled the jury, or that it was not, in fact, just and reasonable; but it pertained, doubtless, more to the province of the jury, than any matter of law, and was well enough, if the jury did not except to it; and if they did, they were at liberty to disregard it.

Judgment affirmed.