## HYDE *v.* LAWRENCE.

### *Promissory Note. Pleading.*

In assumpsit on a promissory note by the bearer against the maker, it appeared that it was drawn payable to the wardens and vestry of a certain church, or bearer, and there was evidence tending to show that after it was executed and delivered to the corporation, and before it passed into plaintiff's possession, the corporation became in fact extinct by the removal of its officers and members. It did not appear that the corporation ever parted with title to the note, and plaintiff showed no title. *Held,* that if the corporation did become extinct, the defendant was not thereby discharged from his liability on the note, but that title thereto vested somewhere, and that plaintiff, having, so far as it appeared, lawful possession of the note, might maintain an action thereon in his own name, and recover for the benefit of the holder of the legal title.

Plaintiff declared upon a note as made by defendant only, and offered in evidence a note made by defendant and another jointly. *Held,* that the non-joinder of the other maker could not be taken advantage of under the general issue.

ASSUMPSIT upon a promissory note. Plea, the general issue, and trial by the court, March Term, 1876, WHEELER, J., presiding.

The declaration alleged that defendant executed and delivered to the Wardens and Vestry of Christ Church, Hampton, a promissory note, whereby for value received he promised to pay said Wardens and Vestry, or bearer, three years from date thereof, $600, with interest ; that afterwards, plaintiff became, and at the time of declaring was, the bearer of said note, whereby, &c.

Plaintiff offered in evidence a note such as was declared upon, except that it was the joint note of defendant and another. Defendant objected to the introduction of the note, for that it was a joint note, and varied from the one declared upon, but the court overruled the objection, and admitted it ; to which defendant excepted. Defendant's evidence tended to show, that the last election of church officers was in 1865, about a year after the note was given ; that nearly all the officers and members of the church had moved away ; and that though there had never been any legal proceedings for the dissolution of the corporation, it had really become extinct ; and that the note was in possession of Oscar F.

46

Thompson, the attorney of the corporation at Granville, N. Y., until 1871 or 1872. Plaintiff offered no evidence but the note; and it did not appear that the corporation ever conveyed its title to the note to any one. The court found for plaintiff, and rendered judgment for him to recover the amount of the note and interest; to which defendant excepted.

*Prout, Simons & Walker,* for defendant, cited *Wilmot* v. *Munson,* 4 Day, 114; *Sheehey* v. *Mandeville,* 7 Cranch, 208; 1 Chit. Pl. 314, 318; *Bovill* v. *Wood,* 2 M. & S. 23; Edw. Prom. Notes, 574; 1 Parsons Bills, 247; Byles Bills, 6; Chit. Bills, 648.

*J. B. Beaman,* for plaintiff, cited *Nash* v. *Skinner,* 12 Vt. 219; *Ives* v. *Hulet,* 12 Vt. 314; *McGregor* v. *Balch,* 17 Vt. 562; *Mellendy* v. *N. E. Protective Union,* 36 Vt. 31; *Hills* v. *Marlboro,* 40 Vt. 648; *Chase & Grew* v. *Burnham & Dow,* 13 Vt. 447; *Boardman* v. *Rogers et al.* 17 Vt. 589; *Hackett* v. *Kendall,* 23 Vt. 275; *Austin* v. *Birchard,* 31 Vt. 589.

The opinion of the court was delivered by

PIERPOINT, C. J. This is an action brought by the plaintiff as the bearer of a note executed by the defendant to the Wardens and Vestry of Christ Church, Hampton, or bearer. No question is made as to the execution of the note, nor as to defendant's liability to pay it, but it is insisted that the payee of the note was a corporation at the time the note was executed, but that since the execution of the note, and before it passed into the hands of this plaintiff, said corporation, not keeping up its organization, had become extinct, and therefore that plaintiff cannot be the lawful holder of said note, and entitled to maintain this action.

That the lawful holder of a negotiable note payable to bearer may maintain an action thereon in his own name, is too well settled to admit of question. It is not necessary that he should have the legal title to it, nor any interest in it. If he has the possession, the presumption is that his possession is lawful, and he recovers for the benefit of whoever has the legal title, unless it is clearly made to appear that his possession is unlawful.

Conceding that the church corporation had become extinct, that would not discharge the defendant's liability to pay this note. It would not extinguish the property of the corporation; that would still exist, and the title to it would vest somewhere, and it is not necessary for us to determine where; and whoever had the title to it, would have the right to collect this note.

The evidence of the defendant put into the case, tended to show that this note was in the hands of the corporation as late as 1871 or 1872; that it was then in the hands of Thompson, of Granville, N. Y., as the attorney of the corporation. The fair presumption would be, that it was placed in his hands for collection by competent authority. For aught that appears, this suit was instigated by Thompson, and brought in the name of the plaintiff in this state, as a matter of convenience, or for any other cause. The legal title may have been in Thompson, and by him transferred to the plaintiff. It is quite as reasonable to suppose any of these things, as to infer that the plaintiff obtained this note surreptitiously, from the naked fact that said corporation had become extinct. We think the County Court was right in holding that the facts proved were not sufficient to prevent the plaintiff's recovery.

But it is urged that the plaintiff is not entitled to maintain this suit against this defendant, because the note on which he seeks to recover was executed by the defendant jointly with one Albert A. Lawrence, who is not made a party to the suit. This objection should have been taken advantage of, if at all, by a plea in abatement. The general rule that the non-joinder of a defendant can be taken advantage of only by plea in abatement, is elementary. This was expressly decided in *McGregor* v. *Balch*, 17 Vt. 562. That was *scire facias* upon a recognizance against two of four joint recognizors. The general issue was pleaded, and on trial it was claimed that there was a fatal variance between the declaration and the proof. The Supreme Court held that the non-joinder could not be taken advantage of under the general issue. Judge REDFIELD says: " The rule and the reason for it seem to us to be the same, whether the declaration be upon a contract of record, or upon any other written contract, as, a bill, note, or bond; and in all those cases, it is well settled that the

omission of a joint contractor can only be taken advantage of by plea in abatement, unless such omission appear upon the record, that is, the record of the very suit upon trial."

There are many other decisions substantially to the same effect in this state.

Judgment affirmed.