AARON D. ELLIS *v.* A. S. WATKINS' ESTATE.

May Term, 1900.

Present: ROWELL, TYLER, MUNSON, START, THOMPSON, and WATSON, JJ.

Opinion filed November 19, 1901.

*Conflicting evidence presenting a question for the jury—Proof of handwriting*—When in a suit on a note the execution thereof is put in issue, and witnesses familiar with the handwriting of the alleged maker testify that in their judgment the signature to the note is not genuine, and other witnesses testify that they saw such alleged maker sign the note, a question is presented for the jury.

*Evidence tending to impeach the consideration for a note*—In an action by the holder of a note, transferred to him when overdue, evidence tending to show that the original payee had transferred no property to the maker, had loaned him no money, and had rendered him no service, was admissible under the claim that the note was without consideration.

*Illicit relation as consideration for a note—Past illicit relation, if a sufficient consideration, is not to be presumed*—A past illicit relation between a man and a woman, if a sufficient consideration for a

note given by him to her, is not to be presumed; and if there are circumstances in evidence tending to show such relation, they cannot aid the contention that the note was given upon a valid consideration, if they have the same tendency to show an illicit relation existing at the time the note was given and continuing thereafter.

*Evidence tending to impeach the consideration of a note—Subsidary evidence*—Under a claim that a note was without consideration, evidence that the maker, a man, was living with the payee, a woman, in an illicit relation at the time the note was given, that he was of feeble mind and drank to excess, is admissible in connection with other evidence tending to show that the note was obtained by the payee without consideration.

*The right of the legal holder of a note to recover the amount of it is not affected by the nature and extent of his interest*—The plaintiff being the holder of a note in suit, of the face value of $3,500, evidence that he got the note by the payment of $150, was not admissible on any ground likely to be suggested by an offer to show that he received it as security or purchased only a share of it. The holder of a note, if entitled to recover, can recover the amount of it, regardless of the nature and extent of his interest.

*Declarations of the original payee of a note against the validity thereof are inadmissible when not contemporary with such payee's interest therein*—In a suit by the transferee of a note, declarations of the original payee against the validity of the note are not admissible, unless made before the transfer, or unless the payee retained an interest after the transfer; and if evidence, tending to show that the payee retained an interest after the transfer, is offered by the defendant, for the purpose of raising the question of the admissibility of such declarations thereafter made, the purpose of the offer should be indicated, or the evidence may properly be excluded.

*Court to decide questions of fact determining the admission or exclusion of evidence*—When the admissibility of the declarations of the payee of a note depends upon whether they were made before or after a transfer of the note by the payee to another, it is for the court to determine when they were made, with reference to such transfer, and, if the court is unable to find from the evidence that they were made before the transfer, they are properly excluded.

THIS WAS AN APPEAL from the decision of commissioners upon a claim presented against the estate of A. S. Watkins, late of Rutland, deceased. The claimant declared in assump-

sit. Plea, the general issue with notice. Trial by jury, Rutland County, September Term, 1899, *Taft,* C. J., presiding. Verdict and judgment for the plaintiff. The defendant excepted.

The plaintiff sought to recover upon a promissory note for $3,500. The defendant's notice denied the execution of the note. The note was payable to Nellie A. Davis or order and endorsed by her. The plaintiff procured the note of the payee after it became due.

The testimony and offers of evidence, and the rulings of the court thereon, are indicated by the opinion. Declarations of Mrs. Davis, to the effect that there was no consideration for the note, were offered, and were excluded for the reason that the court was unable to find whether such declarations were made before or after the transfer of the note to the plaintiff. The defendant claimed that it was for the jury to find whether such declarations were made before or after the transfer.

At the close of the evidence the court, on motion, directed a verdict for the plaintiff.

*Edward Dana, G. E. Lawrence* and *J. C. Baker* for the plaintiff.

*Butler & Moloney* for the defendant.

MUNSON, J. It was error to direct a verdict for the plaintiff. The testimony of witnesses familiar with the handwriting of Watkins, that in their judgment the signature to the note was not genuine, entitled the defendant to have the case submitted to the jury, notwithstanding the testimony of other witnesses that they saw Watkins sign it.

The plaintiff procured the note of Mrs. Davis after it became due. The defendant was entitled to show, as tending to impeach the consideration, that Mrs. Davis had no property of any description and had rendered Watkins no service that could have operated as a consideration for the note. The sug-

gestion of plaintiff's counsel that evidence of this scope would not negative the existence of a past illicit relation, and that a past illicit relation would afford a sufficient consideration, can have no bearing; for a consideration of this character, if sufficient, is not to be presumed; and if the circumstances in evidence tended to show an illicit relation they tended to show that that relation existed at the date of the note and continued until Watkins' death.

The defendant offered to show that Watkins was of feeble mind and drank to excess, and was living with Mrs. Davis in an illicit relation. This was clearly admissible in connection with testimony which tended to show that Mrs. Davis had rendered Watkins no service and had nothing to loan him. It would have tended to strengthen the claim that the note was obtained without consideration.

The defendant proposed, by a separate offer and without statement of purpose, to show that when the undertaker reached the house, shortly after Watkins' death, papers apparently taken from his pockets were scattered about the room. This could have been admissible only because of some relation to evidence already introduced; and as its admissibility in another trial, if admissible at all, must depend upon the connection in which it is offered, we do not deem it necessary to consider the matter further.

The note was for thirty-five hundred dollars. The defendant offered to prove that the plaintiff paid only one hundred and fifty dollars; as tending to show that he received it as security or purchased only a share of it, leaving Mrs. Davis the owner of all or a part. This evidence was certainly not admissible in any view that was likely to be suggested to the court by the offer as made. The holder of a note, if entitled to recover, can recover the amount of it, regardless of the

nature and extent of his interest.   *Tarbell* v. *Sturtevant,* 26
Vt. 513; *Hyde* v. *Lawrence,* 49 Vt. 361.

The defendant offered, without indicating the effect
claimed for it, evidence that the plaintiff had said that he
owned a share of one thousand dollars in the note.   The evi-
dence as to the origin and history of the plaintiff's connection
with the note may have been such as would have given this
statement the effect of an admission that Mrs. Davis was still
the owner of a part of it.   By a proper offer of evidence tend-
ing to show that Mrs. Davis had transferred the note as col-
lateral or sold only a part interest, the defendant could have
raised a question as to the admissibility and effect of declara-
tions made by Mrs. Davis after the transfer.

As the case stood, the declarations of Mrs. Davis were not
admissible unless made before she disposed of the note.   It
was for the court to determine when they were made with
reference to that transaction; and the court being unable to
find from the evidence that they were made before the transfer,
they were properly excluded.   Abbott's Trial Ev. 17; *Vroo-
man* v. *King,* 36 N. Y. 477.

*Judgment reversed and cause remanded.*