## ARMOUR & COMPANY v. J. J. WARD & Co.

October Term, 1904.

Present:   ROWELL, C. J., TYLER, MUNSON, WATSON, HASELTON, and
POWERS, JJ.

Opinion filed August 15, 1905.

*Partnership—Pleading—Non-Joinder of Party Defendant—
Matter of Abatement—V. S. 1179.*

V. S. 1179, providing that in an action on contract judgment may
be taken against such defendants as are found liable, notwith-
standing it is found that all the defendants are not jointly liable,
does not authorize a judgment against one defendant upon a joint
liability.

The non-joinder of a party defendant is matter of abatement, and can-
not be taken advantage of under the general issue.

Two persons were declared against in assumpsit as partners. Ser-
vice was made on only one defendant, who alone appeared.
*Held,* that, by pleading to the merits, this defendant waived his
right to have his co-obligor before the court.

GENERAL ASSUMPSIT. Pleas, the general issue, and
accord and satisfaction. Trial by jury at the September
Term, 1903, Windham County, *Start,* J., presiding. Verdict
and judgment for the plaintiff. The defendant excepted.

*F. D. E. Stowe* for the defendant.

V. S. 1179 does not apply here. *Green et al.* v. *Chap-
man,* 26 Vt. 236; *Machine Co.* v. *Morris,* 39 Vt. 393; *Smith*
v. *Kellogg,* 46 Vt. 560.

*E. L. Waterman, J. L. Martin* and *E. W. Gibson* for the
plaintiff.

The non-joinder of a party defendant can be taken advantage of only by a plea in abatement.    Collyer on · Part. § 713; 1 Chit. on Pl., 46; Whelpdale's Case, 5 Coke 119 A; 2 Taunton 254; 1 Saund. 154; 5 T. R. 651; 1 East 20; 4 T. R. 725; 2 Bla. 947, 3 Camp. 50; Gould's Pl. 278; *Rice* v. *Shute,* 5 Burr 2611.

Under V. S. 1179 plaintiff properly took judgment against Ward alone.    *Reynolds* v. *Field,* 41 Vt. 225; *Powers* v. *Thayer,* 30 Vt. 363; *Hurlburt* v. *Hardy et al.,* 27 Vt. 245; *Nash* v. *Skinner,* 12 Vt. 219.

Munson, J.    J. J. Ward and M. L. Kirkwood are declared against in general assumpsit as partners.    Kirkwood was not served, and did not appear.    Ward pleaded the general issue and accord and satisfaction, and testified that he made a certain arrangement with plaintiff's agent in full satisfaction and discharge of the claim as against him individually; but plaintiffs recovered.    The exceptions are to the refusal to direct a verdict for the defendant, and the refusal to charge that a recovery could not be had against one partner alone.

The judgment was not authorized by V. S. 1179.    That provides that a judgment may be taken against such defendants as are defaulted and such as are found liable, notwithstanding it is found that all the defendants are not jointly liable.    This judgment was rendered against one defendant upon a showing of joint liability.

But the defendant is not in a position to attack the judgment.    It is well settled that the non-joinder of a party defendant is matter of abatement, and cannot be taken advantage of under the general issue.    *Nash* v. *Skinner,* 12 Vt. 219; *Ives* v. *Hulet,* 12 Vt. 314; *McGregor* v. *Balch,* 17 Vt.

562; *Hyde* v. *Lawrence,* 49 Vt. 361. In this case the defect is not in the pleadings, but in the service. It was a defect apparent from the papers, and could have been reached by motion to dismiss. Ward's right to have his co-obligor before the court was a right that could be waived, and it must be held to have been waived by pleading to the merits. If the objection had been made by a dilatory plea, the plaintiffs might have been able to complete the service. See *Pike* v. *Blake,* 8 Vt. 400.

*Judgment affirmed.*