### WM. F. MATTISON *v.* JAREMIAH WESCOTT.

An action of book account will lie to recover the value of articles manufactured to order, when the contract has been so far completed, that the *property* in the article has passed to the vendee, although there has been no actual delivery.

In contracts for manufactured articles, a condition, that the materials shall come from a *particular place*, is not to be considered precedent to the right of recovering pay for the same, unless it is obvious that the parties so intended it.

THIS was an action of book account. Judgment to account having been rendered in the county court, an auditor was appointed, who subsequently reported, in substance, as follows :—

The plaintiff agreed with the defendant, to make for him two sets of grave stones, of blue marble, to be finished and ready to be set up after planting time in the spring of 1839.

The defendant insisted, that the stones were to be procured from the *Simmons quarry*, and the plaintiff insisted that there was no place agreed upon whence the stone should be procured. It appeared that the blue stone, usually wrought by the plaintiff, was from the *Simmons quarry*; that one Taylor was owing the plaintiff stone, and the plaintiff expected to obtain the stone from him; and the stone, which he was in the habit of procuring, was from this quarry. These facts were known to the defendant, and both parties *expected* that the stone would be obtained from the *Simmons quarry*, but the auditor did not find a special contract to that effect.

On account of the sickness of Taylor's family, the plaintiff was unable to procure the stone from him in season to comply with his contract, and he procured the stone from Rutland. It appeared that the stone which was procured from Rutland was of as good, if not better quality, than the *Simmons stone.* The plaintiff finished the grave stones, and had them ready for the defendant, on the 25th day of May, 1839. The defendant afterwards refused to receive them, and the plaintiff kept and preserved them for the defendant.

The auditor, from these facts, allowed the plaintiff's account at $25,09.

The defendant excepted to the report, for the reason that the stone was not procured from the Simmons quarry, and because the defendant never accepted the grave stones of the plaintiff.

The county court accepted the report and rendered a judgment thereon for the plaintiff to recover against the defendant the amount found due by the auditor. The defendant excepted to the decision.

*C. B. Harrington,* for defendant.

1. The county court erred in accepting the report of the auditor, because the auditor finds that, at the time the contract was entered into, it was undoubtedly understood that the stone contracted for were to come from the *Simmons quarry.* Whatever was expected and understood by the parties, at the time, constitutes as much a part of the contract as it would have done, if it had been expressed. The great object to be sought for in putting a construction upon a con-

tract, is, to ascertain and give effect to the intentions of the parties ; and the leading principle, on that subject, is, that whatever is expected on one side, and known to be expected on the other, is to be deemed a part of the contract, and it is a matter of no importance whether all the parts of the contract be expressed, or some of them implied from the circumstances attending the transaction. *Gunnison* v. *Bancroft*, 11 Vt. Rep. 490.

2. It is believed to be essential, to entitle a party to sustain an action on book, that there should have been an actual transfer of the property from the possession of the plaintiff to that of the defendant. And it is said, by this court, *Reed* v. *Barlow*, 1 Vt. Rep. 97, that a different rule would be dangerous in the extreme. If a recovery can be had, in an action on book, for goods not delivered, and services not performed, by the testimony of the party to the contract, few cases will remain to which the salutary rule of law, that a party cannot be a witness for himself, will apply. *Reed* v. *Barlow*, 1 Vt. R. 97. 1 Aik. 145.

*S. Foote*, for plaintiff.

1. The auditor was right in finding that the contract, on the part of Mattison, was fulfilled by his having finished the stones by the time agreed upon by the parties, and by his having procured stone of "*as good or better quality*" than the stone from the "Simmons quarry," especially since there was no express agreement or undertaking to procure the stone from the Simmons quarry, and nothing said in the contract from what quarry or place they should be taken. And it does not appear that the quality of the stone, or the circumstance of their having been procured from Rutland, formed the ground of Wescott's refusal to accept them.

2. The decision of the auditor was correct that there had been a sufficient delivery of the stone. When, by the terms of the contract, the money is to be paid before the delivery of the goods, or, if there be no agreement as to the time of payment, and the vendee refuses to take away or accept the goods, in either case the vendor may recover the price agreed upon by action of *indebitatus assumpsit* fot goods bargained and sold. Slade's case, 4 Co. 93. Shep. Touch. 225. Peake's

N. P. cases, 41. *Thompson* v. *Gray*, 1 Wheat. 75. *Penni-* *man* v. *Hartshorn*, 13 Mass. R. 87.

When the terms of sale are agreed upon, every thing that the seller has to do with the goods is complete. The contract of sale becomes absolute without actual payment or delivery, and the property vests in the buyer. *Hinde* v. *Whitehouse*, 7 East. 572. ———— v. *Baxter*, 7 B. & C. 360. *Fletcher* v. *Howard*, 2 Aik. 115.

Delivery is frequently to be presumed from circumstances, as marking the goods, making them up to be delivered, removing them for the purpose of being delivered, and separating them from other articles. 1 H. Black. R. 363. 14 East, 312. *Barney* v. *Brown*, 2 Vt. R. 374.

If the subject matter of the contract does not exist *in rerum natura*, at the time of the contract, but remained thereafter to be fabricated out of raw materials, it is consequently incapable of delivery, and not within the statute of frauds, and the contract is valid without a compliance with its requisitions. *Graves* v. *Buck*, 3 M. & S. 178. The case rests entirely on contract, and when the article is finished, the right of property is in the purchaser, and the vendor is entitled to payment on the refusal of the vendee to receive it. *Marten* v. *Mangles*, 1 Taunt. 318. 5 Johns. R. 395. 5 Serg. and Rawle, 32, Id. 19.

It is sufficient for the manufacturer to have the article in a state for delivery. These rules apply with the greater force where the article, which is the subject matter of the contract, is of no value except to the purchaser, and for the particular purpose for which it was designed.

The opinion of the court was delivered by

REDFIELD, J.—This being a contract for manufactured articles, not in existence at the time the contract was made, the law applicable to the case will differ in some respects from the common case of the sale of articles *in esse*.

1. Such contracts, whatever may be the amount, do not come within the statute against frauds and perjuries. *Clayton* v. *Andrews*, 4 Burr. 2101. *Towers* v. *Osborne*, 1 Strange, 506. 7 T. R. 14.

2. In contracts of this kind, as in contracts for labor, the vendor must perform the entire contract, on his part, within

*Margin note:* RUTLAND, *February*, 1841.

Mattison *v.* Wescott.

the time stipulated, or he can recover nothing. This has been done in the present case, unless the stone coming from a different quarry than the one from which it was expected they would come, varies the case. It seems the stone were of the same kind, and of a superior quality. We do not perceive how it could be important from what particular quarry the stone came. This cannot be considered of the essence of the contract, unless there was an express stipulation to that effect, or an understanding, which the parties, at the time, considered binding. We do not conceive that could have been the case. This quarry was doubtless referred to, in order to determine the quality of the marble.

3. The case, then, when the articles were ready for delivery, is like the common case of goods bargained and sold. It is true there had been no delivery; and no action for goods *sold and delivered* could have been maintained. *Thompson* v. *Maceroni*, 10 E. C. L. R. 3. But when the article is finished, according to the terms of the contract, so that nothing more remained to be done, the title passes to the vendee; the vendor is entitled to an action for the price, and the goods, thereafter, remain at the risk of the vendee. *Hinde* v. *Whitehouse*, 7 East. 558. It is true the vendor has a lien upon the goods for the price, unless, by the terms of the contract, delivery was to precede payment. If this were not the law, it would operate very hardly in a case like the present, where the articles are almost wholly valueless for the purposes of re-sale.

We see no objection to the vendor, in the present case, maintaining an action on book. It is the universal practice of mechanics to charge those articles, which their customers order, when made. And we do not consider that the right to recover, in this form of action, is affected by the actual delivery of the article. This is not like the case of *Barlow* v. *Reed*, 1 Vt. R. 97. The *property* in the articles charged there, had not passed. That action was, in effect, to recover damages for the breach of a special contract.

Judgment affirmed.