## FRAZIER ET AL. *vs.* THE BANK OF THE STATE.

Although, under our statute, any person, having cause of action *ex contractu*, against several persons, may sue one, any, or all of them, at his election, yet, if he sue more than one, he elects to treat it as a *joint* contract, and a discontinuance as to one defendant, *who has been* served with process, is a discontinuance as to all.

This was an action of debt, determined in the Pulaski Circuit Court, in September, 1841, before the Hon. JOHN J. CLENDENIN, one of the circuit judges. The Bank sued Frazier, Elliott, and Fletcher, and obtained service of process on all. She then *discontinued* as to Fletcher, and took judgment against the others by default, who brought error.

*Fowler*, for the plaintiffs in error, argued points in the case which are decided and reported in other cases of the present term.

*Hempstead & Johnson*, contra. In actions which, in their nature, are joint and several, whether *ex delicto* or *ex contractu*, the plaintiff may, after verdict, enter a *nolle prosequi* as to some of the defendants, and take his judgment against the rest. *Coux vs. Lowther*, 1 *Ld. Raym.* 597. *Salmon vs. Smith*, 1 *Saund.* 206, (n. 2). *Dale vs. Eyre*, 1 *Wil.* 306. 1 *Salk.* 457. *Mitchell vs. Milbank*, 6 *T. R.* 199.

The reason is, because these actions being in their nature joint and several, the plaintiff therefore might have originally commenced his action against one only, and proceeded to judgment and execution against him alone. So he may, after verdict against several, elect to take his damages against either of them. 1 *Ch. Pl.* 49. *Bac. Abr. Obligation*, D. 4. *Eccleston vs. Clipham*, 1 *Saund.* 153, n. (1). *Carth*, 20. 1 *Saund.* 206, n. (2).

A *nolle prosequi* and a discontinuance are one and the same thing; for, in both, the party may afterwards commence an action for the same cause. *Cooper vs. Tiffin*, 3 *T. R.* 511.

By the statute law, all obligations shall be construed to have the same effect as joint and several obligations, and may be sued on, and recoveries had, in like manner. *Rev. St., Chap.* 82, *sec.* 3.

*By the Court*, DICKINSON, J. From the innovation made by our statute upon the common law, in relation to the institution and prosecution of actions upon a joint or several note or obligation, we have had some difficulty in ascertaining the rules by which plaintiffs must be governed in like cases, and the effect of a discontinuance as to one or more of the defendants, after suit brought. By the *Rev. St.*, *sec.*

64, *p.* 628, " every person, who may have cause of action against several persons, and entitled, by law, to but one satisfaction therefor, may bring suit jointly against all, or as many of them as he may think proper;" and, by *sec.* 47, *p.* 646, if he thinks proper to bring suit against several, and some are served with process in time for trial at the return term, and others not served in time, the plaintiff may discontinue as to those upon whom the process has not been served at all, and not served in time, and proceed against the others; or he may continue his suit generally, as to all, and take new process against those not served; but, at the next term, unless for good cause shown, he shall be bound to proceed against such of the defendants as have been served with process." This latter provision is made for the benefit of defendants whom the law will not permit to be harassed, from time to time, without having any opportunity of making defence to the action, merely because the other defendants cannot be, or are not, brought into court. If, previous to the second term, the process has not been served upon the other defendants, the plaintiff must proceed with his action against such as are in court; but the discontinuance as to those not served with process, or not served in time, will not exonerate the absent defendants from any liability in such suit, but they may be proceeded against at any future period, as if no prior suit had been brought against them. *Sec.* 48. And it is right and proper that it should be so; for the plaintiff, being entitled to but one satisfaction, may obtain it from those served with process, and therefore render a new suit unnecessary.

It makes no difference whether the suit is joint, or joint and several. He may elect to bring his action against all, any number, or but one, if he chooses. He must, however, be held to his election. If it is instituted against more than one, he treats it as a joint contract as to those sued, and a plea by one to the action of the writ, enures to the benefit of all the defendants. In the present case, the plaintiff having elected to bring her joint action against all of the obligors, the demand must be treated as such; and he cannot, after service of process upon all the defendants, be permitted, under our statute, to discontinue as to one, and take judgment by default against the others. *Noke vs. Ingram,* 1 *Wilson,* 89. *Hartness vs. Thompson et al.,* 5 *J. R.* 160. 1

*Ch. Pl.* 546.     *Tidd,* 632.     *Hall vs. Rochester et al.,* 3 *Cow.* 374. *Day vs. Rice,* 19 *Wend.* 643.

The plaintiff having elected to bring a joint action upon the bond, there cannot be a several judgment against any of the obligors, but it must be against all or for all.     This is the general rule, though there are exceptions.     The nature and extent of those exceptions are not involved in the present inquiry, as they arise alone upon plea, or upon some special statutory provision, and therefore will not be considered. *U. S. vs. Leffler,* 11 *Pet.* 96.     We can see no good reason why a discontinuance or *nolle prosequi* may not be entered as well after a service of the writ as before.     It would certainly subserve public convenience, and answer all the purposes of justice.     From the best lights now before us—and we have given the subject the most patient investigation—we are reluctantly led to the conclusion, that the plaintiff had no alternative but to proceed to final judgment against all of the defendants she had elected to sue, and upon whom process had been served in time, or dismiss the suit, and re-commence a new action against such of the obligors as she may choose to charge: that the discontinuance as to Fletcher, operated as a discontinuance of the whole action; and that, consequently, the court erred in giving judgment against Frazier and Elliott.

We say we have come to this conclusion with reluctance.     It is because we cannot discover that it answers any purposes of substantial justice.     But, until the Legislature shall see fit to modify or change the law upon this subject, we are bound to sustain and enforce it.

*Hempstead & Johnson* presented a petition for re-consideration, which was refused; Judge LACY remarking, that he did not concur in the opinion, and should take an opportunity, in some case hereafter, to declare the reasons of his dissent.

Judgment reversed.