SOLOMON DOWNER *v.* NATHANIEL SINCLAIR and NATHANIEL SINCLAIR, Jr.

A tender of money or specific articles of property, is not, technically, a payment.

Where one agrees with his judgment debtor to receive from him, in payment, within a specified time, certain articles of his manufacture, and the debtor has the property ready and sets it out at his shop, within the time, for the purpose of payment, it will be a good defence, under a plea in bar, to an action on the judgment.

THIS was an action of debt on judgment. The defendant pleaded two pleas in bar. The first was a plea of payment, which was traversed, and issue joined to the court. In the second plea, the defendant alleged that, after the rendition of the judgment declared on, to wit, on the 1st of January, 1839, in consideration that defendants would make and deliver at the shop of said Nathaniel, jr., winnowing-mills, to the amount, and of the value of, said judgment, one half in the course of the then current winter, and the other half in the course of the winter next following, the plaintiff promised that he would receive the same, in full payment and discharge of said judgment; and that, relying on said

promise, they did make and deliver said mills, nine in number, at said shop, one half in each of said winters, to the full amount of said judgment—a part of which, viz. six, the plaintiff received, and the remainder he did not call for, though they were ready for him, at said shop. To this plea there was a demurrer.

On trial of the issue to the court, the following facts appeared, to wit: that the plaintiff had a judgment against the defendants, who resided at Woodstock, and took out an execution thereon, and put it into the hands of an officer for collection; that while in his hands the defendants proposed to pay it in winnowing-mills, at ten dollars each, to be made and delivered at said Woodstock, one half in the autumn of 1838, and the other half in the autumn of 1839, to which the plaintiff consented, and agreed so to receive his pay; that in the autumn of 1838, the defendants delivered to the plaintiff, and the plaintiff received three winnowing-mills, and, therefor, made an endorsement of thirty dollars on the execution; that, in the autumn of 1839, the plaintiff received from defendants three other mills, and endorsed the same on the execution; that, in November, 1839, the plaintiff called at the defendants' shop to procure the other mills, but did not find the defendants, and made no demand; that, on the defendants' return to the shop, they were informed that the plaintiff had called; and that they then set apart for the plaintiff, three more mills in their shop, which had there ever after remained. Upon these facts, the court decided that the second plea in bar was insufficient, and that the defendants had not paid the plaintiff the amount of the judgment, as in the first plea alleged, and rendered judgment for the plaintiff, for the balance of the execution, after deducting the six mills by him received; to which the defendants excepted,

*T. Hutchinson*, for defendants.

When the plaintiff had agreed to receive his pay in winnowing-mills, and the defendants agreed to make and deliver them, and did make and deliver them at the place and within the times agreed on, and the plaintiff received two thirds of them, and the other third have, ever since, been there, where delivered, for him, he has no right to refuse it as payment.

Both parties were bound by the contract. The three mills <span>Windsor,<br>*February*<br>1843.</span>
are the property of the plaintiff, and he has his pay as
agreed, though he has not carried them away.

The second plea in bar is sufficient, as a defence. The
contract therein set forth expresses a good and valid consid- Sinclair *et al.*
eration, and a fulfilment on the part of the defendants, and
the plaintiff received two thirds of the amount, and the rest
was delivered according to contract. The decision in *Bry-
ant* v. *Gale*, 5 Vt. R. 416, would be full in point to support
this second plea, if the contract set up in the plea was under
seal ; and yet, stress is not laid upon the seal in that case,
only as it implies a consideration. In our plea, a good and
valid consideration is alleged, and no seal is needed for that
purpose. The defendants' promise to make and deliver the
mills was a good consideration for the plaintiff's promise to
receive them in payment ; and the plaintiff's agreeing to
receive them was a good consideration for the promise to
deliver them—for a failure to perform which plaintiff might
have maintained an action.

If it be argued that this judgment was not, by the terms
of the contract, to be discharged by the contract itself, with-
out a fulfilment also, on the part of the defendants, just so
was the case of *Bryant* v. *Gale.* In both cases alike, the
original cause of action was not to be considered discharged,
until a fulfilment on the part of the defendant or defendants.
In both, alike, the defendants did all on their part to fulfil.
In one case the plaintiff received two thirds of his pay. In
the other case he refused to receive any part, and yet he was
barred.

If it should be argued, that the only remedy of the defen-
dants would be to bring a suit upon the contract, and recover
their reasonable damages, we answer, that the damages could
be nothing less than the amount of the judgment, and the
damage otherwise sustained by the plaintiff's not applying
the payment in satisfaction of the judgment. This circuity
of action the law does not require, nor even admit. See
*Bryant* v. *Gale,* on page 421.

*Tracy & Converse,* for plaintiff.

Was the evidence in the case, as found by the court, suffi-
cient to sustain the plea of payment ? Nothing short of the

accepting and actually receiving the full number of mills would be a payment of the judgment. The plaintiff was not bound to receive any mills on the judgment; and if he had received none, his agreement to receive them would furnish no defence to an action on the judgment; much less would it have operated as a payment of the judgment, though defendants had made them and set them apart for the plaintiffs. There was no consideration for the promise.

The judgment, as a contract of the highest character, could not be satisfied or merged in a mere *parol contract.* Nothing short of the actual payment of it would satisfy it, or a discharge by an instrument of as high a character. The lower grade of contracts may be *merged* in the higher; but the higher never in the lower. 3 Bac. Ab. tit. Extinguishment, D ; Cro. Jac. 649 & 650 ; 3 East. 251 ; 2 Johns. 341 ; 5 do. 70.

The fact that plaintiff received a part of the mills, did not oblige him to receive the whole, especially as he received all that were offered to him, at the several times at which he received any.

This, also, disposes of the second plea in bar. Our positions above being correct, that plea is clearly bad. It constitutes no defence to the action for the balance of the judgment. The plea does not allege the judgment satisfied by the agreement. 2 Johns. 340 ; 5 do. 70. It is not pleaded by way of accord and satisfaction ; and indeed the plea shows a want of satisfaction.

This judgment, if satisfied at all, was satisfied by the agreement to take winnowing-mills, and was just as much satisfied before any mills were paid as after. But such is not the fact, as alleged in the plea.

As a plea of accord, it is decidedly bad. Such a plea must show satisfaction by an actual receipt of the thing stipulated to be delivered. A tender of the same is insufficient. 1 Sw. Dig. 299 ; 1 Roll. Abr. tit. Account ; 5 Co. 79, b ; Cro. Eliz. 304 ; 1 Strange, 573 ; *Bryant* v. *Gale,* 5 Vt. R. 419.

The opinion of the court was delivered by

HEBARD J.—The facts detailed do not amount to a payment. There is a difference between making a payment of

WINDSOR,
*February,*
1843.

Downer
*v.*
Sinclair *et al.*

a subsisting debt, and doing that, which, on suit being brought, amounts to a defence. A tender of money is not payment, unless it is received. And the same is true of specific articles. The idea of a payment carries along with it the supposition that the money, or other thing, was delivered by the payor to the payee, and by him received. Controversies have arisen in relation to the construction that should be put upon the act of receiving specific articles—whether they were received in payment of an existing debt, or for some other purpose ; but there can be no reason for calling an offer to pay, a payment, when the offer was refused. In this case, the winnowing-mills were not received by the plaintiff *actually* or *constructively.* Nor does it appear that he ever knew that the mills were set apart for him ; or even that any had been made. Under this state of facts it would be absurd to call this a payment. This disposes of the first plea.

The second plea in bar presents a different question ; and the plea being demurred to, it only becomes necessary to inquire whether there is enough set forth to amount to a defence.

The two important averments in this plea are, that the plaintiff promised, in consideration that the defendants would make and deliver these mills, that he would receive them in full discharge of the judgment ; and, the corresponding one, that the defendants, relying upon said promise, did make and deliver them. The inquiry here is not, whether the facts set forth in the plea are true, for the plaintiff by demurring, admits them. Now taking the facts set forth to be true, why should not the plaintiff be bound and concluded by them ? The objection is, that there was no consideration for the promise ; but this objection is not well founded. One promise is a good consideration for another; but more especially when both parties, as in this case, have acted under the agreement. Not to hold the plaintiff to his promise, in this case, would be to enable him to practice a fraud upon the defendants. They, relying upon his promise, had made the winnowing-mills. Suppose that, instead of being winnowing-mills, the agreement had been, like the case of *Mattison* v. *Wescott,* 13 Vt. 258, for a set of *grave-stones,* worth little, except for the person for whom they were designed ; or,

which would be a still stronger case, but the same in principle, suppose the agreement had been for a set of family portraits, having no value, except for the particular use and design for which they were made, the injustice of the law that would allow him to absolve himself from such an engagement, would be most manifest.

If, as in the case of *Mattison* v. *Wescott*, for such an agreement and promise, an action can be sustained to recover money, there can be no satisfactory reason assigned, why the contract, after being fulfilled, may not be applied agreeably to its terms, in extinguishment of an existing indebtedness.

Judgment of the county court upon the demurrer is reversed, and judgment for the defendants.