### WARREN vs. THE STATE.

In a criminal prosecution for a slight misdemeanor—as for gaming—a verdict may be rendered and a judgment pronounced, without the defendant being personally present in Court at the time. But it is purely a matter of discretion with the Court, whether the defendant shall or shall not be permitted to answer to the indictment by attorney without his personal appearance, which cannot be controled by this Court upon appeal or error.

To a *scire facias* upon a recognizance of bail on indictment for a misdemeanor, the security in the recognizance pleaded, that, at the term of the Court specified in the recognizance, he appeared and offered to appear as attorney for the defendant, answer the indictment, and pay whatever of fine and costs should be imposed on the defendant—and that he tendered the money: *Held* that the plea was no answer to the scire facias: that if the Court had permitted the defendant to appear by attorney

and answer to the indictment, the condition of the recognizance would have been forfeited; and that the State might have proceeded to enforce her civil rights under the recognizance for the breach of its condition.

Conceding that the principle: that a discontinuance as to one of several defendants, served with process, is a discontinuance as to all, applies to a scire facias on recognizance of bail in a criminal prosecution; yet if the defendant, after a discontinuance in such case, joins in the demurrer of the State to his plea, it is an affirmative act which waives the irregularity.

*Appeal from the Circuit Court of Ouachita county.*

The Hon. ABNER A. STITH, Circuit Judge.

WATKINS & GALLAGHER, for appellant.

That Emerson could appear by attorney to the indictment preferred against him, it being for a simple misdemeanor punishable by fine only. *Sec.* 164 *p.* 412 *Dig.*; *Sawyer vs. Joiner*, 16 *Verm.* 497; *Tracy, Ex-parte* 25 *Verm.* 93, 1 *Ch. Cr. Law, marg., p.* 430; *Queen vs. Templeman*, 1 *Salk.* 56.

On a scire facias upon recognizance, two *non ests* are equivalent to service (*sec.* 62, *p.* 397 *Dig.*,) and the discontinuance as to Emerson, after the two *non ests* were returned, was a discontinuance as to Warren; *Purefoy vs. Hill*, 18 *Ark.* 361, *and cases cited.*

Mr. Attorney General JOHNSON, for the State.

Mr. Justice HANLY delivered the opinion of the Court.

Emerson was indicted in the Ouachita Circuit Court for gaming. He was arrested on a warrant issued under the indictment, and gave bail, Warren, the appellant, being his security. At the term of the Court at which Emerson was to appear under his recognizance, he made default, which was noted on the record, and a *scire facias* was directed to be issued returnable to the term of the Ouachita Circuit Court next succeeding. At that Term, the *sci. fa.* was returned executed on the appellant, Warren, and *non est* as to Emerson. Warren appeared at this Term and interposed a plea or response to the *sci. fa.*, in which

he states that at the Term of the Court, at which Emerson was to have appeared by the terms of his recognizance, he, Warren, being a regularly licensed attorney of the Court and one accustomed to practice therein, appeared for himself and Emerson, and offered to appear for Emerson and answer to the indictment, and plead guilty thereto, averring that Emerson had deposited a sufficiency of money in his hands to pay whatever of fine and costs might be imposed on him, Emerson, which, he alleges in his response, he tendered to pay into Court or hold the same subject to the order of the Court, to be rendered in the premises; all of which, he alleges, the Court refused to suffer or permit him to do. He claimed in his response that these facts amounted in law to a response to the *sci. fa.*, and should bar the State from a recovery thereon. The response of Warren was verified by his affidavit and was in every way sustained by the record entries made at the time, as the transcript abundantly shows. The attorney for the State demurred to Warren's response to the sci. fa. and was sustained by the Court, and he failing to plead over, final judgment was rendered against him for the amount of $110, the penalty of the recognizance.

The transcript shows that after the first *sci. fa.* was returned not served on Emerson, an *alias* was awarded, which was likewise returned *non est* as to him. At the term of the Court at which final judgment was rendered against Warren, and after the *alias sci. fa.* was returned *non est* as to Emerson, but before the demurrer to Warren's response to the original *sci. fa.* was determined, and before Warren joined in the demurrer to his response, the attorney for the State entered a discontinuance as to Emerson, and then took judgment final against Warren, on his failure to answer over to the *sci. fa.*, after the demurrer had been sustained thereto.

Warren excepted to the ruling of the Court, in sustaining the demurrer to his response, and rendering judgment on the recognizance for the State. The cause is here on Warren's appeal.

Two questions are made by the counsel for the appellant.

1. That Warren's response is a good answer to the *sci. fa.* on the recognizance.

2. And that the discontinuance as to Emerson, after two returns of *non est* on *sci. fa.*, operated as a discontinuance as to Warren, and that the Court below had no authority to render judgment against Warren, after such discontinuance.

We will consider and dispose of these questions *seriatim.*

1. The indictment against Emerson was for betting at one of the games named in the 8*th sec. of the* 51*st chap. Digest, p.* 367, the penalty for which is a pecuniary fine of not less than ten, nor more than twenty-five dollars, and consequently is but a simple misdemeanor under our code.

It is provided, by the 64*th sec., chap.* 52, *Digest, p.* 412, that: " No indictment for a felony shall be tried unless the defendant be personally present during the trial; nor shall any person, indicted for an offence less than a felony, be tried, unless he be present at the trial, either personally or by his counsel."

The counsel for the appellant maintains that, under these provisions of our code, as well as by the terms of the common law, Emerson, the defendant in the indictment, had a right to appear by his counsel, plead to the indictment, and thus discharge his recognizance; and we are cited to several Vermont and English decisions, in support of this position.

We have examined the cases to which we have been referred by counsel, and find that they only go to the extent, that a verdict may be rendered, and a judgment pronounced, against a defendant, upon a charge of a slight misdemeanor, without his being personally in Court at the time: and this is the purport of the statute, as held in the case of *Sweeden vs. The State,* just decided. We presume our statutory provision was intended to be, what it really is, declaratory of what the law was before its passage, or, in other words, it is a legislative interpretation of the law as it stood at the time. Taking our statute as being declaratory of what the law was, we feel no hesitancy in saying, independent of other considerations, that it is purely

a matter of discretion with the Court, before which a criminal prosecution for a misdemeanor is depending, whether the defendant shall or shall not be permitted to answer to the indictment by attorney or agent, without personally appearing in Court himself, to be exercised or not, according to the circumstances in each particular case; and, it being a matter of sound discretion in the Court, cannot be controled or reviewed, by this Court, on error or appeal. But suppose, for the argument, that Warren had been permitted to appear for Emerson, and answer to the indictment, would that fact satisfy the condition of the recognizance in this case? We think, most clearly, not, and we are sustained in this conclusion by the very authorities to which we have been referred by the counsel for the appellant.

In *Sawyer vs. Joiner*, 15 *Verm. Rep.* 499, the Court, by WILLIAMS, Ch. J., say: " In trials for inferior misdemeanors a verdict may be given in the absence of the respondent (who was defendant.) The justice, after the verdict, if the respondent did not appear, might have called the respondent and his bail. He might also have issued a warrant to apprehend the respondent and bring him before him to receive sentence. This is the usual course in the case of a prosecution for a misdemeanor, where the verdict is taken in the absence of the defendant;" citing 1 *Chit. Cr. Law*, 664.

In *Gardner Tracy, ex parte*, 25*th Vermont Rep*. 96, the Court, by REDFIELD, Ch. J., say: " No doubt the Court might proceed to a verdict and judgment, and issue their mittimus to carry the same into effect. And this is the present case, as treated by the Court. The Justice might have been justified, perhaps, in rendering a more summary judgment."

Because the State might choose to proceed against Emerson on the indictment, without his personal presence, she would not be precluded from proceeding to enforce her civil rights, under the recognizance, for a breach of its conditions. Such seems to have been the view of the Supreme Court of Vermont, as intimated in the two cases referred to, and such is very clearly the rights of the State, under the circumstances. The condition

of the recognizance was for the personal appearance of Emerson, to answer to the indictment in question, and this condition is not fulfilled or complied with, without he does appear. We do not pretend to say that the Court may not dispense with the appearance of a party in case of a misdemeanor, and take the appearance of an attorney or agent, as a compliance with the condition of a recognizance in such case. But, in either case, it is a matter or question entirely within the discretion of the Court, which this Court will not assume to control or direct. Whether the discretion was or was not properly exercised in this particular case, is not before us, and we consequently give no expression of opinion on the subject.

2. It is provided by *sec.* 62, *chap.* 52, *Digest, p.* 397, that, " The return of not found, on two successive writs of *scire facias*, shall be equal to a return of service, and the Court shall then proceed, as if a regular service had been made." This being the law, does the discontinuance as to Emerson, under the circumstances already stated, render the judgment on the recognizance, as to Warren, erroneous?

Conceding that the principle decided in *Frazer et al. vs. State Bank,* (4 *Ark. Rep.* 509); *Ashley vs. Hyde & Goodrich,* (1 *Eng. Rep.* 92); *Jester vs. Hopper,* (13 *Ark. Rep.* 47;) *and Purefoy vs. Hill et al.,* (18 *Ark. Rep.,*) that is to say, that in an action *ex contractu,* against two or more, all being served with process, a discontinuance as to one operates as a discontinuance as to all, is applicable in this case; yet, we hold, in this case, that the appellant has waived the irregularity, if one, by the affirmative act, on his part, of joining in the demurrer interposed by the attorney for the State, to his response to the *sci. fa.,* which the transcript shows occurred after the Court below, on the motion of the attorney for the State, had entered the discontinuance of the *sci. fa.,* as to Emerson. See *Hanly vs. The Real Estate Bank,* 4 *Ark. Rep.* 598; *Jester vs. Hopper, ubi sup.*

We refrain from expressing any opinion as to whether the service of a *sci. fa.,* by two returns of *non est,* as to one party, is such a service as to preclude a discontinuance as to that

party, without making it operate as a discontinuance as to the party really served. The facts presented by the record in this case, rendering it unnecessary that we should decide that proposition.

Finding no error in the transcript of the record of the judgment of the Ouachita Circuit Court, the same is in all things affirmed, with costs.

Absent, Mr. Justice Scott.