SMITH HODGES *v.* JAMES A. FOX.

*Book Account. Jurisdiction. Good Faith. Contract.*

The *apparent* debtor side of the book is not the conclusive test of jurisdiction in a book account action.

Where a note is taken in payment of an account, the account becomes merged in the note, and no longer subsists as an account against the other party. And when the note is paid no debt exists growing out of the account.

To give jurisdiction of a book action to the county court, the plaintiff must have a subsisting, unliquidated account in his favor against the defendant,

Hodges v. Fox.

of more than one hundred dollars, and the jurisdiction is not effected by credits or payments upon it, or the existence of offsets the defendant may have, which may reduce the balance below that sum.

Where a plaintiff in a book action, has not a subsisting open account against the defendant, exceeding one hundred dollars, the fact that he brought his suit in *good faith* cannot be relied on to determine the question of jurisdiction.

Where a contract is made for the manufacture of an article to be delivered at a future day, the property does not pass until there has been an actual delivery to, and acceptance by the purchaser, and cannot properly be charged in account.

BOOK ACCOUNT. The auditor reported that all the items of the plaintiff's account amounted, without interest, to $107.25; that for the first three items a note was given; that when it was given there was no other account between them, and this note was paid before the commencement of this suit; that as to item 12, the plaintiff agreed with the defendant to make him a sleigh, and afterwards agreed with him to make one more expensive by the sum of eight or ten dollars, the difference not being precisely agreed upon. The plaintiff made the sleigh according to his contract, offered it to the defendant in January, 1860, and told him the price was forty-three dollars. The defendant declined to receive it. The plaintiff set it apart and has ever since kept it for the defendant. The plaintiff, after the defendant declined to receive the sleigh, offered to sell it. The auditor found that the price charged was reasonable, and allowed the item as charged at $43, if it was properly charged on book. He also stated that the suit was brought in good faith. The first three items for which the note was given amounted to $33.

On the filing of the auditor's report the defendant moved to dismiss the action for the reason that upon the facts shown by the report, the county court had not original jurisdiction of the case. The court overruled the motion; to which the defendant excepted.

The defendant also claimed that item No. 12, of $43, for a sleigh, was not a proper subject of book charge, and could not be recov-

ered in an action of book account, and that the same should be disallowed. The court decided it to be properly recoverable in this form of action, and at the May Term, 1862, BARRETT, J., presiding, rendered judgment for the plaintiff for the largest sum reported by the auditor. Exceptions by the defendant.

*William Collamer*, for the defendant, cited upon the question of jurisdiction *Gibson* v. *Sumner*, 6 Vt. 163 ; *Nelson* v. *Emery,* 17 Vt. 579 ; *Hodges* v. *Hosford*, 17 Vt. 615 ; *Shepherd* v. *Beede et al.*, 24 Vt. 40.

*Washburn & Marsh*, for the plaintiff.

If this cause is dismissed on motion, it must be for a defect of jurisdiction in the subject matter *apparent upon the record*, but no such defect exists. The giving of the note for the first three items cannot oust the jurisdiction. *Chittenden* v. *Hurlbut*, 1 D. Ch. 384 ; *Stone* v. *Winslow*, 7 Vt. 338 ; *Reed et al.* v. *Talford*, 10 Vt. 568. Item No. 12, of $43, for a sleigh, was a proper item on book. *Blish* v. *Granger*, 6 Vt. 340 ; *Wilkins* v. *Stevens*, 8 Vt. 214 ; *Carpenter* v. *Dole*, 13 Vt. 578.

POLAND, CH. J. We are all agreed that upon the facts contained in the auditor's report, the county court had no original jurisdiction of this action.

The plaintiff's book produced before the auditor contained an apparent account against the defendant of more than one hundred dollars, so that *prima facie*, the action was properly brought in that court.

The statute provides that in actions of book account, the matter in demand shall be considered the debtor side of the plaintiff's book.

But this language has never been literally construed. If the plaintiff have a claim against the defendant of more than a hundred dollars, which is in its nature properly chargeable and recoverable on book, he may sue upon it in the county court, though never charged on any book at all.

So it has always been considered that though the book of the plaintiff shows an account of more than a hundred dollars, yet if the excess above the hundred dollars is fictitious, and not a real account, a suit would not be sustained in the county court. So where the plaintiff's book shows an account of more than a hundred dollars, but this has been caused by some mistake in charging, or by charging something not recoverable on book, an action upon it was properly brought before a justice of the peace, though the debtor side of the book was more than a hundred dollars.

In *Scott et al.* v. *Sampson et al.*, 9 Vt. 339, the plaintiff's account as shown by their book was over a hundred dollars, but this was made so by charging over to the two defendants a separate account the plaintiff had against one of the defendants. This was not done by mistake, but by an arrangement between the plaintiff and one of the defendants, but without consideration and without the consent of the other. As this was not legally recoverable in the action against the two, the court held that the action was properly brought before a justice. In *Phelps et al.* v. *Wood*, 9 Vt. 399, the plaintiff's book showed a debtor side of over one hundred dollars, but this was produced by two charges made against the defendant by mistake. It was held there also, that the suit was properly brought before a justice.

The apparent debtor side of the book is not therefore the conclusive test.

In this case the report shows that the first three items of the plaintiff's account, which then constituted his sole account, were settled by the defendant by giving his note therefor, which note had been paid before this suit was brought. When the note was given these items were merged in the note, and no longer subsisted as an account against the defendant, and when the note was paid, no debt existed growing out of these items. It does not appear that any dispute or misunderstanding ever existed between these parties as to these items; that they did not both fully understand they were settled and ended; nor that the plaintiff had any ground to suppose or believe, they would be

again brought in litigation, or that the defendant would bring
forward against him any payment made for them, as a claim
against him.   We think they were as effectually barred as if the
plaintiff had sued and recovered a judgment for them ; and it
would hardly be claimed that in such case they could form part
of a future account, even to affect the question of jurisdiction.

The real meaning of the statute as we think is that to give
jurisdiction of a book action to the county court, the plaintiff
must have a subsisting unliquidated account in his favor against
the defendant of more than one hundred dollars, and if he has,
then his suit is properly brought there, and the jurisdiction is not
affected by credits or payments upon it, or the existence of offsets
the defendant may have, which may reduce the balance below
that sum.

The statute did not intend to leave the jurisdiction to the choice
of the party, but in all cases where his demand is really within
the jurisdiction of a justice, to require him to sue there, and not
subject the defendant to the increased cost of a suit in the county
court.   In this case it cannot be questioned but that the plaintiff
had the right to strike these items from his book and sue before
a justice, and we think it was his duty to do so.

The plaintiff relies upon what the auditor reports, that the
plaintiff brought the suit in good faith.   In some classes of cases
this element of good faith in the plaintiff has been made material.
In open action sounding in damages merely, whether of tort, or
contract, the amount which the plaintiff is entitled to recover,
often rests merely in judgment and opinion, depending on the
value of property, or the extent of an injury, and sometimes the
motive which actuated it, and the jurisdiction depends upon
whether the matter in demand exceeds a hundred dollars.   In
such cases the plaintiff must bring his suit upon his opinion and
judgment, and if it appears that he has acted in good faith and
exercised his judgment reasonably, he will not be turned round
upon a question of jurisdiction, though in the opinion and judg-
ment of others, his damages are not equal to what he himself
claims.

But in a case of this sort, this rule can have but little application. The jurisdiction depends upon the fact whether he has a subsisting open account against the defendant exceeding one hundred dollars.

If he had not, the county court had no jurisdiction, though he might suppose they had by his allowing this fully settled and adjusted portion of his account to remain on his book, and appear there to be unsettled and open. Suppose the plaintiff is really deceived, and supposes he has a just account of over a hundred dollars, in consequence of some mistake in footing, or by a mistake in posting an account of some one else to the defendant, and brings suit to the county court? Has the court jurisdiction by reason of this mistake, when the plaintiff's account is shown never to have amounted to one hundred dollars? These supposed cases are better for the plaintiff than his own, for he knew he had not a hundred dollars charged against the defendant, which was open to litigation and adjustment.

This determination makes it unnecessary so far as this suit is concerned, to decide the question which has been made on the item for the sleigh charged in the plaintiff's account, but as that question has been argued, and our decision leaves that open for further litigation, we deem it well to state our views of that item.

The defendant agreed with the plaintiff to make him a sleigh, without a precise agreement as to the price. The plaintiff made the sleigh according to the contract, and offered it to the defendant, who refused to receive it.

The question is, whether under these circumstances the plaintiff can charge and recover the price, on book account. It is well settled that book account will not lie, except when assumpsit will, for goods sold and delivered, or bargained and sold; that there must be such a completed and perfected contract as that the property has passed to the defendant.

This principle has universally been conceded in this state. It was decided in the early case of *Barlow* v. *Read*, which was twice before the court, 1 Aik. 145, and 1 Vt. 97, and has never been denied in any case.

When a contract is made for the manufacture of an article to be delivered at a future day, it has usually been held that the property does not pass until there has been an actual delivery to, and acceptance by the purchaser.

This principle is fully recognized by the court in the cases of *Blish* v. *Granger*, 6 Vt. 340, and *Carpenter* v. *Dole*, 13 Vt. 578 ; cases much relied on by the plaintiff.   But in those cases there being a particular place of delivery agreed on, and the lumber in the one case, and potatoes in the other, having been delivered at the agreed place, and the defendant having actually received a part, it was held an acceptance of the whole.   It is not needful to discuss the soundness of the application made in those cases, the principle was fully acknowledged.

In *Mattison* v. *Westcott*, 13 Vt. 258, the principle seems to have been lost sight of.   The defendant contracted with the plaintiff to manufacture and deliver to him at a future time two sets of grave stones.   The plaintiff manufactured the stones according to the contract, and had them ready for delivery to the defendant, but he refused to receive them.   The court allowed the plaintiff to recover the contract price on book ; declaring that the case was the same as the common case of a sale of goods where nothing more remained to be done, where the title would pass without delivery.   The mistake arose from treating a contract for the purchase of a thing not in existence, but to be manufactured thereafter, the same as the present sale of an existing article, when all other cases and authorities make the broad distinction.   In the one case, the purchase is of a thing which exists, and forms the subject of the trade, and can be then examined and accepted ; in the other, the purchaser must have the opportunity to do so, and see whether he will accept it, after it is in being, and the property does not pass till he accepts it, and if he wrongfully refuses to accept it, the property does not become his, though he will be liable for damages for refusing to accept.

This subject has been before the court several times recently, in one form and another, and much considered.

Hodges *v.* Fox.

In *Rider* v. *Kelly & Roberts*, 32 Vt. 268, the plaintiff and defendants entered into a contract under seal, by which the plaintiff agreed to sell to the defendants his hops for a series of years at a certain price, and the defendants agreed to receive and pay for them at that price. The plaintiff carried his hops to the defendants when they were to be delivered, and the defendants refused to receive them. The plaintiff sued the defendants in covenant on the contract for not taking the hops.

Judge BENNETT in the county court held that the plaintiff was entitled to recover the contract price, but in the supreme court the judgment was reversed, and it was held that the defendants were only liable in damages for their refusal to accept. In the opinion delivered by ALDIS, J., it is said, " This contract comes by analogy within the class of contracts for the manufacture of goods, and their delivery at a future day.

In such cases the authorities have abundantly established the general rule that the article must not only be made and offered to the vendee, but that he must accept of it, or it must be set apart for him by his consent before the title to it will vest in him."

The precise question came directly before the court in *Latham* v. *Lewis*, at the last term in Washington county. The defendant who was a mill owner in Worcester, sent an order to the plaintiff who was a manufacturer of machinery at White River Junction, for certain machinery and mill gearing to be manufactured for him. The plaintiff manufactured the articles according to the order, and when completed gave notice thereof to the defendant, who refused to receive them. The plaintiff charged them on book and brought his action therefor. The case was elaborately argued, and fully considered by the court, and it was held that the property did not vest in the defendant and that they could not properly be charged to him in account. The case will doubtless be reported by the judge who gave the opinion, and I therefore refrain from going fully into the reasons for the decision.

Substantially the same question was again decided by the court at the recent term in Rutland county, *Allen* v. *Thrall, et al.*

It is proper perhaps to say that the case of *Mattison* v. *Westcott*, was very likely affected in its decision by the fact that the damages which the plaintiff would have been entitled to recover in an action for not accepting, would in that particular case, have been substantially the same as the contract price, for the gravestones manufactured for the defendant under the contract would propably have been of little worth to the plaintiff, either for his own use, or for sale to another. This decision was distinctly overruled by the case of *Latham* v. *Lewis*.

The judgment is reversed, and the suit dismissed.